**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Lonnie MITCHELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 19, 2009.

Filed Dec. 18, 2009.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: ORIE MELVIN, SHOGAN, and POPOVICH, JJ.

OPINION BY SHOGAN, J.:

¶ 1 Appellant, Lonnie Mitchell, appeals from the judgment of sentence entered on July 15, 2008, after he was adjudged guilty of harassment and found in indirect criminal contempt for violating a protection from abuse ("PFA") order. Appellant's counsel has filed a petition to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). For the reasons that follow, we deny counsel's petition to withdraw, vacate the judgment of sentence with respect to Appellant's harassment conviction, and remand this matter with instructions.

¶ 2 The facts of this case, as gleaned from the record, reveal that on March 31, 2008, Appellant's mother, Sandy Mitchell, obtained a PFA order that restricted Appellant from, *inter alia*, having any contact with her. *See* PFA Order, 3/31/08; *and see* N.T. 7/15/08, at 13. On April 12, 2008, Appellant went to Ms. Mitchell's home and threw a brick at her through a window. N.T. 7/15/08, at 31–32, 35. On April 29, 2008, Appellant went back to Ms. Mitchell's home. N.T., 7/15/08, at 42. Appellant began kicking Ms. Mitchell's door and asking for money. *Id.* Appellant again threw a brick into Ms. Mitchell's window, and Ms. Mitchell called the police. *Id.* When the police arrived, Appellant fled, but was ultimately apprehended. *Id.* at 6.

¶ 3 As a result of the incident on April 29th, Appellant was charged and convicted

of harassment, and adjudged to be in indirect criminal contempt of the PFA order, at docket number 22285–2008. In a companion case, Appellant was charged and convicted of several other offenses at docket number 22286–2008, in connection with the incident that occurred on April 12, 2008. The trial court imposed a flat sentence of six months of incarceration for the violation of the PFA order and a flat sentence of 90 days of incarceration for the harassment conviction at docket number 22285–2008.

¶ 4 On August 6, 2008, Appellant filed a timely notice of appeal at docket number 22285–2008. He did not appeal from the judgment of sentence imposed at docket number 22286–2008.[1] In an order dated August 18, 2008, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.1925(b) at docket number 22285–

2008. Appellant, however, failed to comply with the trial court's order.

¶ 5 Instead, Appellant filed a Pa. R.A.P.1925(b) statement at 22286–2008, raising issues related to the incident on April 12, 2008. Thereafter, the trial court filed an opinion at 22286–2008 and addressed the issues raised in the Pa.R.A.P. 1925(b) statement. There is nothing in the record revealing that Appellant ever filed a Pa.R.A.P.1925(b) statement at 22285–2008, which is the docket number from which he actually appealed. As such, Appellant has failed to preserve any issues on appeal. *Commonwealth v. Castillo*, 585 Pa. 395, 402, 888 A.2d 775, 779 (2005). Moreover, we are constrained to conclude that the diminished record resulting from these errors precludes us from deciding counsel's petition filed pursuant to *Anders*.[2] See *Commonwealth v. McBride*, 957 A.2d 752 (Pa.Super.2008) (stating that the failure to file a court-ordered Pa.

---

1. In the *Anders* brief, Appellant's counsel specifically states that no appeal was filed at 22286–2008. *Anders* brief at 4 n. 1.

2. When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*) (citation omitted).

   In order for counsel to withdraw from an appeal pursuant to *Anders* [ ], certain requirements must be met:
   (1) counsel must petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous;
   (2) counsel must file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and
   (3) counsel must furnish a copy of the brief to [Appellant] and advise him of his right to retain new counsel, proceed *pro*

*se* or raise any additional points that he deems worthy of the court's attention. *Commonwealth v. Ferguson*, 2000 PA Super 312, 761 A.2d 613, 616 (Pa.Super.2000) (citations omitted). As to the second requirement, we remind counsel who honestly believe the appeal is wholly frivolous that they need not file an advocate's brief. *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa.Super.1997) (quotation omitted). However, if there are any issues which may arguably support an appeal, counsel must set them out in "neutral" form, with relevant citations to the law and to the record so that the reviewing court can address the appellant's contentions. Where, after a conscientious review, counsel believes there are no such issues, he or she must set forth those issues the appellant wishes to advance as well as any other claims necessary to the effective appellate presentation of those issues.
   *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa.Super.2005). In *Millisock*, this Court added a requirement that counsel must attach to the *Anders* petition a copy of the letter sent to the client. *Id.* at 752.

R.A.P.1925(b) statement that results in the waiver of the appellant's issues is ineffectiveness *per se*; this deficiency provides our Court a diminished record precluding meaningful appellate review under *Anders* ).

¶ 6 Despite the confusion noted above, we discern an even more immediate problem with this case. Although a flat sentence of six months is legal with respect to the violation of the PFA order pursuant to *Wagner v. Wagner*, 387 Pa.Super. 246, 564 A.2d 162, 164 (1989), the flat sentence of 90 days of incarceration for harassment is illegal. *Commonwealth v. Barzyk*, 692 A.2d 211, 215–216 (Pa.Super.1997) (stating that as a general rule, when imposing a sentence of total confinement, the trial court is required to impose both a minimum and maximum sentence) (citing 42 Pa.C.S.A. § 9756).[3] We are thus constrained to vacate the judgment of sentence for harassment and remand it to the trial court for resentencing. *Barzyk*, 692 A.2d at 216; *and see Commonwealth v. Basinger*, 982 A.2d 121 (Pa.Super.2009) (holding that the trial court committed reversible error by sentencing a defendant to

serve 90 days in jail without specifying any minimum sentence).

¶ 7 In summary, we deny Appellant's counsel's petition to withdraw. Additionally, for the reasons set forth above, we vacate the judgment of sentence for harassment and remand for resentencing on that conviction. Following resentencing on the harassment conviction, Appellant shall have the full panoply of appellate rights at 22285–2008, at which time he may file an appeal. Should Appellant choose to file an appeal, he shall at that time, if ordered to do so by the trial court, comply with Pa.R.A.P.1925 and raise any issues he seeks to have reviewed at docket number 22285–2008 concerning either the harassment conviction or the indirect criminal contempt conviction.[4]

¶ 8 Motion to withdraw denied. Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.[5]

---

3. We note that we are permitted to address this issue *sua sponte*, as this Court has the authority to address an illegal sentence and remand the matter to the trial court even in the absence of the preservation of the claim as the issue is non-waivable. *Commonwealth v. Garcia–Rivera*, 983 A.2d 777, 2009 PA Super 213 (Pa.Super.2009).

4. As noted above, by failing to file the court-ordered Pa.R.A.P.1925(b) statement at the correct docket number, counsel was ineffective *per se*. In this situation and pursuant to Pa.R.A.P.1925(c)(3), this Court must remand this case to the trial court to allow Appellant to file a Pa.R.A.P.1925(b) *nunc pro tunc*. However, due to the plethora of errors in this matter, more is required. Our decision provides for the correction of existing errors and permits the review of any issues omitted due

to the absence of the Pa.R.A.P.1925(b) statement in the appealed matter.

5. In *Commonwealth v. Santiago*, —— Pa. ——, 978 A.2d 349 (2009), the Pennsylvania Supreme Court altered the requirements for withdrawal under *Anders* to include counsel's reasons for concluding the appeal is frivolous. The Court explained that the requirements set forth in *Santiago* would apply only to cases where the briefing notice was issued after the date that the *Santiago* opinion was filed, which was August 25, 2009. As the briefing notice in the case at bar predates *Santiago*, its requirements are inapplicable here. However, as this Opinion relinquishes jurisdiction, any future appeal would require a new notice of appeal, a new Superior Court docket number, and a new briefing notice. Thus, should counsel decide to file an *Anders* brief subse-

quently in this matter, he would need to comply with *Santiago*.