J-A27024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARQUELL HANSBREW, | : | |
| | : | |
| Appellant | : | No. 49 WDA 2014 |

Appeal from the Judgment of Sentence Entered November 26, 2013,
In the Court of Common Pleas of Erie County,
Criminal Division, at No. CP-25-CR-0001500-2013.

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.                    **FILED OCTOBER 15, 2014**

Appellant, Marquell Hansbrew, appeals from the judgment of sentence entered on November 26, 2013.  Upon review, we remand with instructions.

The record reflects that Appellant was represented at trial and during sentencing by Attorney Michael DeJohn from the Public Defender's Office.  A motion for post-sentence relief was filed by Attorney DeJohn, and that motion was denied on December 9, 2013.  A different attorney, Attorney Anthony Rodriques, filed a notice of appeal on Appellant's behalf on December 27, 2013.[1]  By order dated January 2, 2014, the trial court directed that a statement pursuant to Pa.R.A.P. 1925(b) be filed within

---

[1] The record lacks any indication that Attorney Rodriques entered his appearance on Appellant's behalf prior to filing the notice of appeal.

twenty-one days from the entry of the order. The order also granted Appellant the right to proceed *in forma pauperis*. Order, 1/2/14, at 1.

Subsequently, Attorney DeJohn filed both a notice of appeal and a Pa.R.A.P. 1925(b) statement on January 8, 2014. Despite the Pa.R.A.P. 1925(b) statement being filed by Attorney DeJohn, Attorney Rodriques inexplicably filed a motion for extension of time to file a Pa.R.A.P. 1925(b) statement. By order dated January 23, 2014, the trial court granted the motion for extension of time to file a Pa.R.A.P. 1925(b) statement filed by Attorney Rodriques, directing that the statement be filed on or before February 10, 2014. Trial Court Order, 1/23/14, at 1. The trial court subsequently issued an order that provided as follows:

> AND NOW, to-wit, this 27th day of January, 2014, inasmuch as Anthony Rodriques, Esquire has entered his appearance by the filing of a Notice of Appeal with the Superior Court on December 27, [2013], it is hereby ORDERED, ADJUDGED and DECREED Michael DeJohn, Esquire, and the Public Defender's Office of Erie County are withdrawn from this case. Attorney Rodriques shall comply with this Court's Order of January 23, 2013 and file a Concise Statement of Matters Complained of on Appeal on or before February 10, 2014.

Order, 1/27/14, at 1.

On February 12, 2014, the trial court issued an order holding that, because Appellant had failed to timely file his statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), there were no appellate issues to address and therefore, no further opinion would be

issued. Trial Court Opinion, 2/12/14, at 1. The case was transmitted to this Court on February 27, 2014.

On March 11, 2014, Attorney Rodriques filed a motion to file a Pa.R.A.P. 1925(b) statement *nunc pro tunc*. In it, counsel asserted that his error alone was the reason that a Pa.R.A.P. 1925(b) statement was not filed on Appellant's behalf. Motion to file concise statement of matters complained of *nunc pro tunc*, 3/11/14, at 1-2. The trial court issued an order dated March 12, 2014, denying the motion on the basis that the record had been forwarded to this Court.

The failure to file a Rule 1925(b) statement, when so ordered by the trial court, is *per se* ineffective assistance of counsel. **Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.4 (Pa. Super. 2009). Furthermore, Rule 1925(c)(3) provides:

> If an appellant in a criminal case was ordered to file a Statement and failed to do so such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

Therefore, we remand this matter and direct the trial court to order Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days of

the trial court's receipt of the record from the Superior Court Prothonotary.[2]

The trial court shall then prepare and file a Pa.R.A.P. 1925(a) opinion within thirty days of the filing of the 1925(b) statement. Appellant shall file a brief within thirty days of the filing of the Pa.R.A.P. 1925(a) opinion. The Commonwealth shall have thirty days to respond. Thereafter, the record shall be returned to this Court.

Case remanded with instructions. Panel jurisdiction retained.

---

[2] Appellant has presented two claims of ineffective assistance of counsel in his brief. We caution counsel that, if he is only raising ineffective assistance of counsel claims, his issues will not be reviewable on direct appeal. ***See Commonwealth v. Holmes***, 79 A.2d 562, 563-564 (Pa. 2013)(absent either good cause or exceptional circumstances and a waiver of post-conviction review, claims of ineffective assistance of counsel must await collateral review.).