J-A01027-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD ALLEN SETTLES, JR., | : | |
| | : | |
| Appellant | : | No. 1729 WDA 2013 |

Appeal from the Judgment of Sentence October 9, 2013,
Court of Common Pleas, Fayette County,
Criminal Division at No. CP-26-CR-0000210-2012

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and ALLEN, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED FEBRUARY 24, 2015**

Richard Allen Settles, Jr. ("Settles") appeals from the judgment of

sentence entered following his convictions of possession of a controlled

substance and possession of a controlled substance with the intent to deliver

("PWID").[1]  Settles challenges only the trial court's denial of his motion to

suppress.  We find no error in the trial court's denial of Settles' suppression

motion but conclude that his sentence is illegal.  Accordingly, we vacate the

judgment of sentence and remand for resentencing.

The trial court summarized the facts underlying Settles' convictions as

follows:

> On January 27, 2012, around 1:12 a.m., Patrolman
> Jamie Holland of the Uniontown Police Department,
> conducted a traffic stop on a van that failed to use a
> right turn signal at an intersection. N.T., 7/31/2012,

---

[1] 35 P.S. § 780-113(a)(16), (30).

> at 3-4. As he exited his vehicle, Holland immediately detected the odor of marijuana coming from the van, the smell of which grew stronger as he neared the van. *Id.* at 6-7. After asking the driver of the van, [] Settles, for his identification, the officer alerted him that he could smell marijuana coming from the vehicle. *Id.* at 7.
>
> Because of the odor of the marijuana, Holland had [Settles] exit the vehicle. *Id.* at 8. To ensure officer's safety, Holland performed a *Terry* frisk on [Settles] to check for weapons. *Id.* at 8-9. During the pat down, in [Settles'] pants pocket, from the feel and packaging, the officer felt what he recognized to be a packaged narcotic. *Id.* at 9. The item was a small amount of marijuana in a clear plastic baggie that was tied and knotted in the corner of the baggie. *Id.* The officer then proceeded to conduct an investigative search of the driver's area by looking into the van but[] not by entering the van. *Id.* at 10, 23-24. As he looked into the van, Holland could see, in plain view, a garbage bag with marijuana packed inside. *Id.* at 10, 23. Upon viewing the packaged marijuana, he obtained a search warrant to search the van. *Id.* at 11.

Trial Court Opinion, 4/7/14, at 2-3. The search of the van revealed two garbage bags full of marijuana, weighing a total of 22,740 grams (or 50.13 pounds). The marijuana recovered from Settles' front pocket weighed 2.9 grams. Following a jury trial, Settles was convicted of the above-mentioned crimes and sentenced to five years of imprisonment[2] and ordered to pay various fines and costs. This timely appeal follows.

---

[2] The trial court imposed this sentence on the PWID charge pursuant to 18 Pa.C.S.A. § 7508(a)(1)(iii). *See* Trial Court Order, 10/9/13, at 1.

Settles sets forth two issues for our review in the statement of questions involved portion of his brief on appeal: "Whether all evidence should be suppressed when the **Terry** [f]risk [r]ule was violated" and "Whether the [e]xclusionary [r]ule applies to the warrantless search of vehicle [sic]." Settles' Brief at 7.[3]

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review. Moreover, appellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress.

**Commonwealth v. Ranson**, 103 A.3d 73, 76 (Pa. Super. 2014).

---

[3] In the argument section of his brief, Settles does not delineate two separate arguments. This runs afoul of our rules, which provide that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). We urge Settles' counsel to hew more closely to the rules governing briefing requirements in the future.

The thrust of Settles' issues is that Officer Holland could not search his vehicle without a warrant, and therefore that the trial court should have suppressed the evidence found therein. We cannot agree. In *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014), the Pennsylvania Supreme Court removed the twin requirements of both probable cause and exigency for a lawful search of an automobile without a warrant. It held as follows:

> In sum, our review reveals no compelling reason to interpret Article I, Section 8 of the Pennsylvania Constitution as providing greater protection with regard to warrantless searches of motor vehicles than does the Fourth Amendment. Therefore, we hold that, in this Commonwealth, the law governing warrantless searches of motor vehicles is coextensive with federal law under the Fourth Amendment. **The prerequisite for a warrantless search of a motor vehicle is probable cause to search; no exigency beyond the inherent mobility of a motor vehicle is required.** The consistent and firm requirement for probable cause is a strong and sufficient safeguard against illegal searches of motor vehicles, whose inherent mobility and the endless factual circumstances that such mobility engenders constitute a per se exigency allowing police officers to make the determination of probable cause in the first instance in the field.

*Gary*, 91 A.3d at 138 (emphasis added). Thus, an officer may lawfully search an automobile without a warrant when he or she has probable cause to believe that a crime has been committed or is being committed. At the

suppression hearing, Officer Holland testified that he smelled an overwhelming aroma of marijuana (not burning marijuana) emanating from Settles' vehicle. N.T., 7/31/12, at 8. This provided probable cause to believe that criminal activity was occurring, *see Commonwealth v. El*, 933 A.2d 657, 661 (Pa. Super. 2007), *aff'd*, 602 Pa. 126, 977 A.2d 1158 (2009) ("The standard for probable cause is whether the facts and circumstances within the officer's knowledge are sufficient to warrant a reasonably cautious person to believe that an offense has been or is being committed."), and therefore permitted a lawful search of the vehicle without a warrant.[4]

We now turn our attention to Settles' sentence.[5] The trial court imposed only a minimum sentence of five years. Trial Court Order, 10/9/13,

---

[4] We pause to note two things. First, although the *Gary* decision was published four months before the briefs in this case were filed, neither Settles nor the Commonwealth mention it. Settles contended, at oral argument, that the holding of *Gary* would apply only prospectively. We disagree. *See Passarello v. Grumbine*, 87 A.3d 285, 307 (Pa. 2014) ("The general rule in Pennsylvania is that appellate courts apply the law in effect at the time of appellate review.") Furthermore, despite his proclamation, Settles has not made a post-argument submission to this Court to expound on this theory or provide us with authority in support of his position.

Second, the notes of testimony from the suppression hearing reveal that after observing marijuana in plain view, Officer Holland secured the vehicle and sought a warrant before continuing his search. N.T., 7/31/12, at 10-11. He was not required to do so; as we explained, pursuant to *Gary*, Officer Holland could have performed the search without a warrant.

[5] It is axiomatic that this Court may raise issues concerning the legality of a sentence *sua sponte*. *See Commonwealth v. Mitchell,* 986 A.2d 1241, 1244 n.3 (Pa. Super. 2009).

- 5 -

at 1.  A flat sentence such as this is illegal because it violates section 9756 of the sentencing code, which requires a trial court to specify both a maximum and minimum term when entering a sentence of total confinement.  **Commonwealth v. Mitchell**, 986 A.2d 1241, 1243 (Pa. Super. 2009); **see also** 42 Pa.C.S.A. § 9756(b).  Accordingly, we must vacate Settles' sentence and remand to the trial court for resentencing.[6]

Judgment of sentence vacated.  Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/24/2015

---

[6]  We note that since the imposition of Settle's sentence, this Court has found the statutory sentencing provision upon which the trial court relied, 18 Pa.C.S.A. 7508, unconstitutional.  **Commonwealth v. Cardwell**, ___ A.3d ___, 2014 WL 6656644 (Pa. Super. Nov. 25, 2014).