J-S53027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANNA MARIE POLITSOPOULOS | |
| Appellant | No. 483 MDA 2015 |

Appeal from the Judgment of Sentence January 16, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003447-2013

BEFORE:  DONOHUE, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 15, 2015**

Anna Marie Politsopoulos appeals the judgment of sentence imposed January 16, 2015, in the Dauphin County Court of Common Pleas, following her guilty plea to 190 counts of failure to make required disposition of funds received ("theft").[1]  That day, the trial court imposed an aggregate sentence of two and a half to six years' incarceration, followed by probation, after vacating Politsopoulos' original sentence imposed on October 20, 2014.  On appeal, Politsopoulos contends the trial court did not have jurisdiction to revoke her original sentence and resentence her to a longer period of incarceration.  For the reasons set forth below, we are compelled to vacate

---

[1] 18 Pa.C.S. § 3927(a).

the sentence imposed on January 16, 2015, and remand the case to the trial court for reinstatement of Politsopoulos' original sentence.

The relevant facts and procedural history underlying this appeal are as follows. Politsopoulos was the business manager of seven restaurants: Leola Restaurant, Jennie's Diner, Farmer's Wife, Crossroads Café, Turn In Restaurant, Ephrata Diner, and John's Diner. From 2008 to 2012, she failed to file sales tax and employer withholding tax returns, and failed to remit the collected sales tax and state income taxes for 164 tax periods. On August 5, 2013, an information was filed, charging Politsopoulos with 190 counts of theft. On June 9, 2014, she entered a guilty plea to all counts. On October 20, 2014, the court sentenced Politsopoulos to an aggregate term of two and a half to five years' incarceration, with a concurrent term of 245 years' probation, and to pay restitution in the amount of $856,703.14.[2]

_____

[2] Specifically, the court ordered:

> AND NOW, this 20th day of October 2014, on each of the 149 Felony counts, [Politsopoulos] is sentenced to two and a half to five years in state prison, a fine of $25, plus costs. Those sentences shall run concurrent one to the other.
>
> On each of the 49 Misdemeanor-1 counts, [Politsopoulos] is sentenced to five years of state supervision. Those sentences shall run concurrent to the 141 felony counts, but consecutive to each other until [Politsopoulos] pays back the full restitution of $856,703.14.

*(Footnote Continued Next Page)*

On October 28, 2014, counsel for Politsopoulos filed a post-sentence motion, followed by a supplemental motion, requesting modification of sentence and seeking a delay in her report date, which were both denied on November 3, 2014. On that day, Politsopoulos failed to appear at the courthouse to begin serving her sentence, and a bench warrant was issued. On November 19, 2014, counsel for Politsopoulos filed a notice of appeal.[3] The police subsequently found Politsopoulos at her home and took her into custody on January 7, 2015.

On January 16, 2015, following a hearing, the court re-sentenced Politsopoulos to the following: (1) at count one, nine to 24 months in a state correctional facility; (2) at count two, a consecutive term of nine to 24 months in a state correctional facility; (3) at count three, a consecutive term of six to 12 months in a state correctional facility; (4) at count four, a consecutive term of six to 12 months in a state correctional facility; and (5)

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Sentence is deferred until November 3rd, 2014, when [Politsopoulos] is to appear at the Dauphin County Courthouse at 8 a.m. to begin serving her sentence.

Once restitution is paid, we will close her cases.

Sentencing Order, 10/20/2014.

[3] The appeal was docketed at 2000 MDA 2014. On January 5, 2015, the Commonwealth filed an application to quash because Politsopoulos was a fugitive during the entire period allotted for filing an appeal. On February 9, 2015, Politsopoulos discontinued that appeal. On February 20, 2015, a panel of this Court denied the Commonwealth's application to quash as moot.

at counts five to 56, a term of five years' probation for each count, to be served consecutively. In imposing the sentence, the court stated:

> Because of the violation, Counts 1 through 10 shall be consecutive. Counts 11 through 56 shall be concurrent unless there is a violation and [Politsopoulos] fails to pay back $856,000 in restitution to the State.
>
> All other aspects of the sentence imposed on October 20, 2014 shall remain the same.

Sentencing Order, 1/20/2015.

Counsel for Politsopoulos filed a post-sentence motion on January 21, 2015, requesting transcripts and credit for time served, and/or to vacate the sentence because the trial court lacked jurisdiction to amend the sentence. On February 19, 2015, the court granted Politsopoulos' request for transcripts and credit for time served but denied her motion to vacate the sentence. Politsopoulos filed a notice of appeal on March 9, 2015. On March 18, 2015, the trial court ordered Politsopoulos to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Politsopoulos did not file a concise statement within the requisite 21-day period. Accordingly, on April 27, 2015, the trial court issued an order stating that because Politsopoulos failed to file and serve a concise statement, all issues were waived. *See* Order of Court, 4/27/2015.[4] Politsopoulos subsequently filed a concise statement on May 14, 2015.

---

[4] The court did not file an opinion pursuant to Pa.R.A.P. 1925(a).

In her sole issue on appeal, Politsopoulos claims her January 16, 2015, judgment of sentence is illegal because the court was without lawful jurisdiction under 42 Pa.C.S. § 5505 to modify her sentence after imposing the original sentence on October 20, 2014, and denying her post-sentence motions on November 3, 2014.[5] Politsopoulos' Brief at 9. Specifically she states:

> In the instant case, the trial court was not correcting an illegal sentence. The trial court resentenced [Politsopoulos] because she failed to report to begin serving her sentence on November 3, 2014. Dauphin County Adult Probation did not file a probation detainer or notice of violation in an attempt to resentence [Politsopoulos]. The trial court simply modified [Politsopoulos'] sentence; however, the trial court lacked the jurisdiction to do so.

Politsopoulos' Brief at 12-13. We agree.[6]

Pursuant to 42 Pa.C.S. § 5505, a trial court possesses the inherent authority to modify or rescind any order within 30 days of its entry, if no appeal has been taken. "Generally, once the thirty-day period is over, the trial court loses the power to alter its orders." *Commonwealth v. Melvin*,

---

[5] Despite the court's finding that Politsopoulos waived all claims for failure to file a concise statement, we note "this Court has the authority to address an illegal sentence and remand the matter to the trial court even in the absence of the preservation of the claim as the issue is non-waivable." *Commonwealth v. Mitchell*, 986 A.2d 1241, 1244 n.3 (Pa. Super. 2009) (citation omitted). Accordingly, we will address the merits of the appeal.

[6] The Commonwealth "concurs with Politsopoulos' request to vacate the January 16, 2015 sentence due to the trial court's lack of subject matter jurisdiction." Commonwealth's Brief at 8.

103 A.3d 1, 57 (Pa. Super. 2014) (citation omitted). Likewise, Pennsylvania Rule of Appellate Procedure 1701 provides that a trial court lacks the authority to proceed further in any matter after an appeal is taken. Pa.R.A.P. 1701(a). Accordingly, "[o]nce [the] 30–day period has expired or once a defendant files a notice of appeal, … the trial court is without jurisdiction to alter or modify its order." ***Commonwealth v. Martz***, 926 A.2d 514, 525 (Pa. Super. 2007) (citation omitted). The only exception to this rule is when a party applies for, and the trial court **expressly grants**, reconsideration of an order within the 30-day period. ***See*** Pa.R.A.P. 1701(b)(3). "Failure to 'expressly' grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration." ***Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa. Super. 2000) (citation omitted).

After the 30-day period, "a trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders." ***Commonwealth v. Borrin***, 12 A.3d 466, 471 (Pa. Super. 2011) (*en banc*) (citation omitted), *aff'd*, 80 A.3d 1219 (Pa. 2013) (opinion announcing judgment). "We have previously concluded that a 'clear clerical error' exists on the face of the record 'when a trial court's intentions are clearly and unambiguously declared during the sentencing hearing[.]" ***Commonwealth v. Thompson***, 106 A.3d 742, 766 (Pa. Super. 2014), *quoting* ***Borrin***, 12 A.3d at 473.

Turning to the present matter, Politsopoulos' judgment of sentence was imposed on October 20, 2014. Therefore, the trial court had 30 days from that date, or until November 19, 2014, to modify or vacate the sentence. *See* 42 Pa.C.S. § 5505. On November 3, 2014, the court denied Politsopoulos' post-sentence motion. Moreover, on November 19, 2014, Politsopoulos filed a notice of appeal, thereby divesting the trial court of jurisdiction in this matter. *See* Pa.R.A.P. 1701(a).

As such, the trial court had no authority to alter Politsopoulos' sentence, absent (1) the filing of a motion for reconsideration, by either Politsopoulos or the Commonwealth, and (2) the entry of an order expressly granting reconsideration of Politsopoulos' sentence within the initial 30-day period, *i.e.*, before November 19, 2014. *See* Pa.R.A.P. 1701(b)(3). Here, neither of those exceptions applies as the trial court denied Politsopoulos' motion for reconsideration, and never expressly granted reconsideration of the sentence before the 30-day period expired.

Furthermore, a review of the October 20, 2014, and January 16, 2015, sentencing hearings makes it clear the court was not correcting a clerical error when it resentenced Politsopoulos on the latter date. *See Borrin*, *supra*.

Therefore, we conclude the trial court had no jurisdiction to vacate Politsopoulos' sentence on October 20, 2014, and the sentence imposed on January 16, 2015, is a nullity. Accordingly, we vacate the judgment of

sentence imposed on January 16, 2015, and remand this case to the trial court for reinstatement of the October 20, 2014, judgment of sentence.

Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015