J-S70040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRYL DEBNAM | : | |
| | : | |
| Appellant | : | No. 3362 EDA 2017 |

Appeal from the PCRA Order September 18, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013582-2008

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED NOVEMBER 06, 2018**

Appellant, Darryl Debnam, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied on the merits his first and timely petition filed pursuant to the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546.  We remand with instructions and retain panel jurisdiction.

Following the denial of Appellant's PCRA petition on September 18, 2017, Appellant timely filed a counseled notice of appeal on October 17, 2017. On November 7, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b), no later than November 28, 2017.  The order also stated that Appellant's non-compliance may be deemed a waiver of his appellate issues.  The court sent proper notice of the order to counsel of record.  The certified record, however, has no Rule

1925(b) statement listed on the docket or contained in the original documents.

Preliminarily, we observe Rule 1925(c)(3) allows the appellate Court to remand "for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge," if the court ordered an appellant in a criminal case to file a Rule 1925(b) statement, none was filed, and counsel's failure to do so appears to be *per se* ineffectiveness. Pa.R.A.P. 1925(c)(3). Interpreting the revised Rule 1925(c)(3), this Court has held that counsel's complete failure to file a court-ordered Rule 1925(b) statement is *per se* ineffectiveness. ***Commonwealth v. Burton***, 973 A.2d 428, 431–32 (Pa.Super. 2009) (*en banc*). Generally, when waiver occurs due to counsel's complete failure to file a Rule 1925(b) statement, remand is proper. ***Commonwealth v. Mitchell***, 986 A.2d 1241, 1244 n.4 (Pa.Super. 2009) (noting counsel's failure to file court-ordered Rule 1925(b) statement required remand for filing concise statement *nunc pro tunc* per revised Rule 1925(c)(3)); ***Commonwealth v. Scott***, 952 A.2d 1190, 1192 (Pa.Super. 2008) (recognizing recent amendment to Rule 1925 relaxed automatic waiver rule in criminal cases and stating: "[P]ursuant to the amended version of Rule 1925, the complete failure by counsel to file a Rule 1925(b) statement, as ordered, is presumptively prejudicial and clear ineffectiveness, and this Court is directed to remand for the filing of a Rule 1925(b) statement *nunc pro tunc* and for the preparation and filing of an opinion by the trial judge").

Instantly, the record makes clear the court filed and served counsel with

a proper Rule 1925(b) order, but the docket does not contain a statement filed on Appellant's behalf. The record reveals no apparent irregularities in the Rule 1925(b) order or its service. Importantly, the PCRA court held a hearing on the merits of Appellant's petition and issued an opinion in support of its decision. Although neither the court nor the Commonwealth mentions Rule 1925 waiver, the issue raised on appeal is presented in general terms; so we cannot say with certainty that a remand would serve no practical purpose.[1]

Accordingly, we return this matter briefly to the PCRA court to allow counsel to clarify the record, in the event counsel properly filed and served a Rule 1925(b) statement. If so, counsel must immediately certify the statement as part of the certified record and ensure it is quickly forwarded electronically to this Court. If counsel for some reason did not file and serve the statement, counsel is directed straightaway to file and serve the statement *nunc pro tunc* within seven (7) days of this remand. The PCRA court will then have fifteen (15) days to supplement its existing opinion or inform us that it intends to rely on the opinion as already written. Accordingly, we remand.

Case remanded with instructions; panel jurisdiction is retained.

---

[1] Remand would not necessarily be required if, for example, counsel had filed on appeal a "no-merit" letter/brief under **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (1988). In that scenario, we could presume counsel's Rule 1925 statement would merely state counsel's intent to file the **Turner/Finley** brief and a petition to withdraw on appeal. The present case does not fit that situation. Therefore, our remand is for the purpose of resolving the mystery of the missing Rule 1925 statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/18