J-S79033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :   PENNSYLVANIA
                                        :
           v.                         :
                                        :
                                        :
JACKIE S. KAUFFMAN,                 :
                                        :
          Appellant            :       No. 1170 MDA 2018

Appeal from the Judgment of Sentence Entered May 11, 2018
in the Court of Common Pleas of Mifflin County
Criminal Division at No(s):  CP-44-CR-0000653-2016

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:              **FILED JUNE 21, 2019**

Jackie S. Kauffman ("Kauffman") appeals from the judgment of sentence entered after a jury convicted her of endangering the welfare of children ("EWOC").[1]  Additionally, counsel for Kauffman, Robert R. Ferguson, Esquire ("Attorney Ferguson"), has filed a Petition to Withdraw as counsel and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant the Petition to Withdraw and affirm Kauffman's judgment of sentence.

In 2016, Kauffman's nine-year-old daughter (hereinafter, "the victim"), a special needs child, resided in a trailer home with Kauffman, the victim's older brother (who was also a minor), and Kauffman's paramour, Adam Stidfole ("Stidfole").  Notably, Stidfole was a registered sexual offender

---

[1] ***See*** 18 Pa.C.S.A. § 4304(a)(1).

(related to his sexual abuse of children and possession of child pornography in 2006), and Kauffman admittedly knew of Stidfole's status as such prior to cohabitating with him and her minor children. Kauffman did not warn the victim of Stidfole's status as a sexual offender or of a need to protect herself when around him. Kauffman stated that she tried to always arrange for either another adult or the victim's older brother to be in the trailer when Kauffman was not present. Between approximately June 2016 and September 2016, Stidfole repeatedly sexually assaulted the victim.[2] Kauffman testified at her trial that the victim was lying about the sexual assaults.

The Commonwealth charged Kauffman with one count of EWOC in October 2016. The matter proceeded to a jury trial, at the close of which the jury found Kauffman guilty. On May 11, 2018, the trial court sentenced her to serve one to two years in a state correctional facility,[3] plus costs and a $250.00 fine. Additionally, the trial court determined that Kauffman was eligible for the Recidivism Risk Reduction Incentive program.

Kauffman, through Attorney Ferguson, timely filed a Post-sentence Motion challenging the sufficiency and weight of the evidence, as well as the

_____

[2] Stidfole is currently serving a sentence of 25 to 50 years in prison for his sexual assaults of the victim.

[3] Notably to this appeal, this sentence was in the aggravated range of the applicable sentencing guidelines, which recommends a standard range of restorative sanctions to nine months in jail. Also, Kaufmann had a prior record score of zero.

discretionary aspects of the trial court's sentence. On June 26, 2018, the trial court entered an Order denying the Post-sentence Motion, thoroughly explaining its reasons for this ruling.

Kauffman, through Attorney Ferguson, timely filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. In the Concise Statement, Attorney Ferguson announced his intent to file an **Anders** brief, and stated that Kauffman wished to pursue her sufficiency of the evidence and excessiveness of sentencing challenges. The trial court then filed a Pa.R.A.P. 1925(a) Opinion, determining that both of Kauffman's identified issues lack merit. Thereafter, Attorney Ferguson filed a Petition to Withdraw and **Anders** Brief.[4] Kauffman did not file a *pro se* brief or respond to the Petition to Withdraw/**Anders** Brief.

Before addressing Kauffman's issues on appeal, we must determine whether Attorney Ferguson has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

---

[4] In February 2019, this panel remanded the matter (retaining jurisdiction) for Attorney Ferguson to file either an **Anders** brief that satisfied all of the requirements of **Anders** and its progeny, or an advocate's brief on Kauffman's behalf. **See Commonwealth v. Kauffman**, 2019 Pa. Super. Unpub. LEXIS 471 (Pa. Super. 2019) (unpublished memorandum). On April 5, 2019, Attorney Ferguson filed a new **Anders** Brief and Petition to Withdraw.

- 3 -

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, our Supreme Court in *Santiago* explained that a proper *Anders* brief must

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the instant case, our review of the *Anders* Brief and the Petition to Withdraw reveals that Attorney Ferguson has complied with each of the requirements of *Anders*/*Santiago*. Attorney Ferguson indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. Further, Attorney Ferguson's *Anders* Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in *Santiago*. Finally, Attorney Ferguson provided Kauffman with a copy of the *Anders* Brief and advised her of her rights to retain new counsel

or to raise any additional points she deems worthy of this Court's attention. Thus, Attorney Ferguson has complied with the procedural requirements for withdrawing from representation. We next examine the record and make an independent determination of whether Kauffman's appeal is, in fact, wholly frivolous.

Attorney Ferguson states that Kauffman wishes to present the following issues for our review:

> A. Was the evidence sufficient to support the verdict because it did not prove, beyond a reasonable doubt[,] that [Kauffman] endangered the welfare of children … by allowing a convicted sexual offender access to [the victim,] despite [Kauffman's] awareness of the offender's criminal history and nature of his offenses?
>
> B. Was the sentence imposed by the trial court excessive?

*Anders* Brief at 1-2 (pages unnumbered, issues numbered, some capitalization omitted).

In her first issue, Kauffman contends that the Commonwealth failed to present sufficient evidence for the jury to convict her, beyond a reasonable doubt, of EWOC. *See id.* at 3-4 (unnumbered).

In reviewing a challenge to the sufficiency of the evidence, our standard of review

> requires that we evaluate the record in the light most favorable to the verdict winner[,] giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a

- 5 -

mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. … Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the [] convictions will be upheld.

***Commonwealth v. Sebolka***, 2019 PA Super 58, at ** 12-13 (Pa. Super. 2019) (citation and paragraph break omitted). Finally, "the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Melvin***, 103 A.3d 1, 40 (Pa. Super. 2014) (citation omitted).

In its Opinion, the trial court set forth the relevant law and addressed Kauffman's sufficiency challenge as follows:

Pursuant to the Pennsylvania Crimes Code, "[a] parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he [or she] knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S. § 4304. As a specific intent crime, [EWOC] requires a "knowing violation of a duty of care" by the individual. ***Commonwealth v. Schley***, … 136 A.3d 511, 513 [(Pa. Super. 2016)]. The [Supreme] Court of Pennsylvania has interpreted the intent element for [EWOC] to require that:

(1) the accused is aware of his/her duty to protect the child; (2) the accused is aware that the child is in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused has either failed to act or has taken action so lame or meager that

- 6 -

such actions cannot reasonably be expected to protect the child's welfare.

***Commonwealth v. Lynn***, 114 A.3d 796, 819 (Pa. 2015).

Here, viewed in the light most favorable to the Commonwealth, the evidence produced was sufficient to sustain the verdict of [EWOC]. [Kauffman] admitted that she was aware that [] Stidfole had been designated a Tier III Megan's Law Offender[,] and that he had been convicted of specific charges relating to the sexual abuse of children and possession of child pornography. Despite her knowledge of these crimes, [Kauffman] chose to engage in a series of actions which violated the duty of care owed to her daughter and endangered her welfare. [Kauffman] chose to move in with [] Stidfole, along with [the victim], despite his Megan's Law Offender designation. [Kauffman] failed to warn her daughter of [] Stidfole's status as a Megan's Law Offender or of a need to protect herself when around him. Testimony of the victim indicated that [Kauffman] relied on her other minor child to supervise [the victim's] interactions with [] Stidfole when [Kauffman] was not present. Finally, [Kauffman] testified that she did not believe the allegations made by [the victim] against [] Stidfole at the time law enforcement and Children and Youth Services became involved[,] and that she still did not believe the allegations at the time of her trial.

Further, this court believes there was sufficient evidence to find the specific intent element was satisfied in the present case. First, during cross-examination, [Kauffman] agreed with the proposition that she owed a duty of care and support towards her child as a parent. Thus, [Kauffman] was aware of her duty to protect her daughter. Second, [Kauffman] was aware of the potential danger posed by [] Stidfole given his prior convictions and designation as a Megan's Law Offender. [Kauffman] indicated that, while she was unsure if he was guilty, the previous charges raised red flags[,] and she always attempted to ensure that [] Stidfole and her daughter were never left alone. Third, testimony elicited from [Kauffman] during cross-examination showed that she failed to act to protect her child or took action so lame or meager that it could not reasonably have been expected to protect the [victim's] welfare. During cross-examination, [Kauffman] testified that the only actions taken to protect her daughter from Stidfole were to try to have another adult around when [Kauffman] was at work or to have the [victim's] older brother,

who was also a minor, stay with her. Given [Kauffman's] appreciation of the danger posed by [] Stidfole, there was sufficient evidence to interpret [Kauffman's] decision to allow her daughter to continue to reside with him as a failure to take action reasonably expected to protect her welfare.

Moreover, this court saw no indications that the victim's testimony was coached or untruthful. It was determined[,] at both the trial for [Kauffman] and the trial of [] Stidfole[,] that the victim knew the difference between a truth and a lie and that she was aware of the need to tell the truth and the potential consequences if she failed to do so.

In the present case, [Kauffman] may not have caused direct harm to the victim[,] but [Kauffman's] testimony indicated an awareness that she owed the victim a duty of care, protection, and support. Moreover, her testimony demonstrated an awareness that her decision to allow [] Stidfole to reside with her was practically certain to result in the endangerment of the victim's welfare[,] as she attempted to ensure that he was never left alone with the victim. Therefore, it is this court's opinion that the evidence presented by the Commonwealth was sufficient for the jury empaneled in this case to find [Kauffman guilty of EWOC].

Trial Court Opinion, 6/26/18, at 2-4 (unnumbered, some capitalization omitted). The trial court's cogent rationale is amply supported by the record and the law, and we agree with its determination. Therefore, we affirm on this basis in rejecting Kauffman's sufficiency challenge. *See id.*; *Commonwealth v. Cardwell*, 515 A.2d 311, 313, 315 (Pa. Super. 1986) (rejecting the defendant/mother's sufficiency challenge to her conviction of EWOC where she took little or no action in response to learning that her husband was sexually abusing her minor daughter for a period of four years).

In her second issue, Kauffman argues that the trial court abused its discretion by imposing a manifestly excessive aggravated-range sentence,

where it failed to adequately consider mitigating factors, including her lack of a prior criminal history. *See Anders* Brief at 3 (unnumbered). Kauffman challenges the discretionary aspects of her sentence, from which there is no absolute right to appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved her sentencing challenge for appellate review, by raising it in a timely post-sentence motion, she must (1) include in her brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) demonstrate that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. *Hill*, 66 A.3d at 363-64.

Although Attorney Ferguson did not include a Rule 2119(f) statement in the *Anders* Brief, "where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016) (citation and brackets omitted). Moreover, Kauffman's claim presents a substantial question for our review. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (noting that although an allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question, a substantial question is raised where an appellant alleges that the sentencing court imposed sentence in the aggravated range without adequately considering mitigating circumstances).

In its Opinion, the trial court addressed Kauffman's challenge to her sentence as follows:

> In **Commonwealth v. Pullin**, … 892 A.2d 843, 847-48 (Pa. Super. 2006), the Superior Court of Pennsylvania held that a trial court did not abuse its discretion when it imposed a sentence in the aggravated range of the sentencing guidelines for the crime of [EWOC] because the court properly considered the nature and circumstances of the offense[,] which were atypical of the crime for which the defendant was convicted. Thus, the Court held that an aggravated[-]range sentence is "justified to the extent that the individual circumstances of his case are atypical of the crime for which [a]ppellant was convicted, such that a more severe punishment is appropriate." **Id.** at 849. Likewise, a sentence in the aggravated range of the guidelines is appropriate when there is a display of "extreme indifference for the consequences of the defendant's actions and because of the extreme nature of the harm to the victim." **Id.** []
>
> In the present case, this court imposed a sentence in the aggravated range of the guidelines because of the extreme indifference displayed by [Kauffman] for the consequences of her actions and because of the extreme nature of the harm to the victim. [Kauffman] knowingly and willingly moved her nine-year-old daughter into the residence of a Tier III sex offender[,] who had previously been convicted of possession of child pornography. [Kauffman] testified that she took no special precautions to protect her daughter from [] Stidfole[,] and did not warn her of the need to protect herself. Testimony elicited on the day of [Kauffman's] trial indicated that there were multiple occasions when the [victim] was left alone with [] Stidfole. Further, testimony from the Commonwealth's witnesses indicated that [Kauffman] disregarded her daughter's assertions that [] Stidfole was hurting her. On the day of trial, [Kauffman] continued to indicate a complete and utter disbelief of her daughter's testimony that she had been sexually abused by [] Stidfole. For these reasons, this court believes [that Kauffman's] sentence in the aggravated range of the sentencing guidelines for the crime of [EWOC] was not an abuse of discretion[,] because the individual circumstances of her case are atypical of the crime for which [Kauffman] was convicted.

Trial Court Opinion, 6/26/18, at 5-6 (unnumbered, some capitalization omitted). We agree with the trial court's rationale and discern no abuse of its discretion in imposing an aggravated-range sentence upon Kauffman, particularly where her actions and inactions resulted in such profound harm to her minor child, to whom Kauffman owed a duty to protect and care.

Finally, our independent review of the record discloses no additional non-frivolous issues that Kauffman could raise on appeal. We therefore grant Attorney Ferguson's Petition to Withdraw, and affirm Kauffman's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/21/2019