J-S37005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAEON SMILEY | : | |
| | : | |
| Appellant | : | No. 3068 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008837-2011

BEFORE: SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY SHOGAN, J.: Filed: November 25, 2020

Appellant, Raeon Smiley, appeals *nunc pro tunc* from the judgment of sentence entered on September 21, 2017, following the revocation of his probation.[1] After review, we remand with instructions.

The record reveals that Appellant's direct-appeal rights were reinstated *nunc pro tunc* on October 21, 2019, and Appellant filed a timely appeal on October 25, 2019. On November 21, 2019, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained

---

[1] In his notice of appeal, Appellant purports to appeal from the September 27, 2017 order denying his post-sentence motion. "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*). We have corrected the appeal paragraph to reflect that Appellant appeals the September 21, 2017 judgment of sentence.

of on appeal within twenty-one days. However, Appellant failed to comply with the trial court's order.[2]

As a general rule, counsel's failure to file a court-ordered Pa.R.A.P. 1925(b) statement waives all issues on appeal, and it is *per se* ineffective assistance of counsel. **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)). When counsel fails to file a Pa.R.A.P. 1925(b) statement, remand for the preparation and filing of a Pa.R.A.P. 1925(b) statement is proper pursuant to Pa.R.A.P. 1925(c)(3). **Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.4 (Pa. Super. 2009).

Herein, we conclude that Appellant's counsel's failure to file a Pa.R.A.P. 1925(b) statement was *per se* ineffective assistance of counsel. Although the trial court prepared an opinion acknowledging that the record contains insufficient reasons for the sentence it imposed, Trial Court Opinion, 12/23/19, at 2, and despite the Commonwealth having no objection to remand to provide the trial court an opportunity to state the reasons for its sentence, Commonwealth's Brief at 6, we note that Appellant attempts to raise more expansive issues in his brief. In addition to asserting that the trial court failed to provide its reasons for the sentence it imposed, Appellant purports to:

---

[2] Curiously, Appellant's counsel attached to the brief a "CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL" pursuant to Pa.R.A.P. 1925(b). Appellant's Brief at 5. That document is not in the record certified to this Court on appeal, nor is it reflected in the trial court's docket entries.

assert the trial court failed to consider the particular circumstances of the case, Appellant's character, and other important factors; challenge the consecutive nature of the sentences; allege that the sentence was outside the Sentencing Guidelines; and claim the sentence was harsh. Appellant's Brief at 6, 10. Thus, Appellant is not requesting merely that we remand for the trial court to bolster its reasons for the sentence already imposed; Appellant appears to challenge several facets of the discretionary aspects of his sentence and request resentencing *in toto*. **Id.** at 11. These issues were neither presented to the trial court nor preserved for appeal. **Castillo**, 888 A.2d at 780. Accordingly, in order to safeguard Appellant's appellate rights and afford the trial court an opportunity to respond to any issues Appellant elects to raise, we conclude that remand is necessary.

Therefore, pursuant to Pa.R.A.P. 1925(c)(3), we remand for the filing of a Pa.R.A.P. 1925(b) statement *nunc pro tunc* within twenty-one days from the date this Judgment Order is filed. The trial court shall then prepare and file a Pa.R.A.P. 1925(a) opinion within thirty days of the filing of the Pa.R.A.P. 1925(b) statement. Thereafter, the Superior Court Prothonotary shall issue a new briefing schedule.

Case remanded with instructions. Panel jurisdiction is retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/25/20</u>