J-S52036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES EDWARD NOTTINGHAM | : | |
| | : | |
| Appellant | : | No. 2084 MDA 2016 |

Appeal from the Judgment of Sentence January 10, 2017
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0001190-2015

BEFORE:   GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED AUGUST 21, 2017**

Appellant, James Edward Nottingham, appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas, following his jury trial conviction for persons not to possess, use, manufacture, control, sell, or transfer firearms.[1]  For the following reasons, we remand for further proceedings.

The relevant facts of this case involve Appellant's arrest for discharging a firearm at several other persons, following an argument in his residence on or about July 12-13, 2015.  The Commonwealth charged Appellant with numerous offenses including persons not to possess at Count 10.  The court severed Count 10 from the other charges on October 19,

_____

[1] 18 Pa.C.S.A. § 6105

2016, and that count alone proceeded to a jury trial. We provide the convoluted procedural history of this appeal as follows in bulleted form:

• November 1, 2016—The jury convicted Appellant of persons not to possess firearms. At trial, Appellant argued he believed he was authorized to possess a firearm because he had paid an attorney to "expunge" his prior felony conviction for aggravated assault in 1990.

• December 20, 2016—Appellant's trial counsel filed a premature notice of appeal from the jury verdict. Appellant's trial counsel also submitted a motion to withdraw as counsel on the same day.

• January 5, 2017—The trial court ordered a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), to be filed within 21 days; the court served the order on trial counsel.

• January 6, 2017—The Commonwealth filed an application to quash Appellant's interlocutory appeal as premature.

• January 10, 2017—The court sentenced Appellant to 5 to 10 years' imprisonment. The court also granted trial counsel's motion to withdraw, but directed him to follow up with Appellant's new counsel and give input on post-sentence motions.

• January 11, 2017—Trial counsel filed in the trial court a *praecipe* to withdraw as counsel and new counsel filed a *praecipe* for entry of appearance on behalf of Appellant.

• February 3, 2017—Trial counsel filed in this Court a *praecipe* to withdraw as counsel and new counsel filed a *praecipe* for entry of appearance.

• February 15, 2017—The court issued an opinion recommending that this Court quash the appeal, where Appellant filed the notice of appeal from a jury verdict and not from a judgment of sentence. Alternatively, the court requested a remand, pursuant to Pa.R.A.P. 1925(c)(3), for counsel's failure to file a concise statement.

- February 23, 2017—This Court ordered a briefing schedule.

- February 27, 2017—This Court denied the Commonwealth's application to quash by *per curiam* order, stating Appellant's premature notice of appeal related forward to January 10, 2017, the date the court imposed Appellant's sentence.

The parties then briefed the appeal, and this Court listed the case on July 24, 2017, for submission and disposition.

Appellant raises one issue for our review:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO INCLUDE IN ITS JURY INSTRUCTION A *MENS REA* PORTION TO 18 PA.C.S. § 6105(D), WHICH WAS THE BASIS OF APPELLANT'S DEFENSE AT TRIAL.

(Appellant's Brief at 7).

As a prefatory matter, this case involves two significant problems. The first error involves the premature notice of appeal, premature Rule 1925(b) order of the court served on trial counsel, and a change of counsel at sentencing, which all contributed to counsel's failure to file the court-ordered Rule 1925(b) statement. The second problem arises from the same factors, which deprived Appellant of his right to file post-sentence motions, for counsel's apparent failure to consult with each other and with Appellant.

In addressing the first problem involving the court-ordered Rule 1925(b) statement, we observe the failure to file a court-ordered Rule 1925(b) statement generally constitutes a waiver of all issues. ***Commonwealth v. Lord***, 553 Pa. 415, 719 A.2d 306 (1998). ***See also Commonwealth v. Castillo***, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005),

(citing **Lord, supra** at 420, 719 A.2d at 309) (stating: "Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived").

Our Supreme Court, however, has since revised Rule 1925[2] to provide a remedy where a criminal defendant's counsel fails to file a court-ordered Rule 1925(b) statement. **See** Pa.R.A.P. 1925(c)(3); **Commonwealth v. McBride**, 957 A.2d 752, 755 (Pa.Super. 2008). As revised, Rule 1925(c)(3) allows: "If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3). Interpreting the revised Rule 1925(c)(3), this Court has held that counsel's failure to file a court-ordered Rule 1925(b) statement is *per se* ineffectiveness. **Commonwealth v. Burton**, 973 A.2d 428, 431-32 (Pa.Super. 2009) (*en banc*). When waiver occurs due to counsel's complete failure to file a Rule 1925(b) statement, remand is proper. **Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.4 (Pa.Super. 2009) (noting counsel's failure to file court-ordered Rule 1925(b) statement requires remand for filing of concise statement *nunc pro tunc* under revised Rule 1925(c)(3)); **McBride, supra** at 756 (stating "for an appellant to be entitled to a remand, it must be shown that counsel

_____

[2] Rule 1925 was amended on May 10, 2007, and again on January 13, 2009.

- 4 -

completely failed to file statement, and that failure resulted in waiver of all issues"); *Commonwealth v. Scott*, 952 A.2d 1190, 1192 (Pa.Super. 2008) (recognizing recent amendment to Rule 1925 relaxed strict application of *Lord* and stating "pursuant to the amended version of Rule 1925, the complete failure by counsel to file a Rule 1925(b) statement, as ordered, is presumptively prejudicial and clear ineffectiveness, and this Court is directed to remand for the filing of a Rule 1925(b) statement *nunc pro tunc* and for the preparation and filing of an opinion by the trial judge").

With respect to the second problem arising from trial counsel's premature notice of appeal, trial counsel's motion to withdraw, and the change of counsel after sentencing without proper consultation, we observe that in a criminal case, Rule 720(A) of the Pennsylvania Rules of Criminal Procedure provides in relevant part:

**Rule 720. Post-Sentence Procedures; Appeal**

**(A) Timing.**

(1) Except as provided in paragraphs (C) and (D), a written post-sentence motion shall be filed no later than 10 days after imposition of sentence.

(2) If the defendant files a timely post-sentence motion, the notice of appeal shall be filed:

(a) within 30 days of the entry of the order deciding the motion;

Pa.R.Crim.P. 720(A)(1)-(2)(a). "Ordinarily, if [an appellant] does not file a post-sentence motion, the [appellant's] notice of appeal shall be filed within

30 days of imposition of sentence." *Commonwealth v. Dreves*, 839 A.2d 1122, 1126 (Pa.Super. 2003) (citing Pa.R.Crim.P. 720(A)(3) (timing of notice of appeal when appellant does not file timely post-sentence motion)). The time to file an appeal "can be extended beyond 30 days after the imposition of sentence only if the [appellant] files a timely post-sentence motion." *Id.* at 1127 (citing Pa.R.Crim.P. 720(A)(2)). Therefore, in instances of the latter, the denial of a post-sentence motion generally becomes the triggering event for filing a notice of appeal. *See id.* (citation omitted).

Importantly, the United States Supreme Court has recognized that where counsel fails to consult with his client concerning the client's right to file a direct appeal from the judgment of sentence, there is a cognizable claim for ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Pennsylvania law requires counsel to consult with the defendant about the filing of a direct appeal as follows:

> The [United States Supreme] Court began its analysis by addressing a separate, but antecedent, question: "whether counsel in fact consulted with the defendant about an appeal." The Court defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." The Court continued:
>
>> If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient

performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?

The Court answered this question by holding:

[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

A deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his or her appellate rights; the defendant must show prejudice. The Court held that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."

***Commonwealth v. Touw***, 781 A.2d 1250, 1254 (Pa.Super. 2001) (internal citations omitted).

In the instant case, the jury convicted Appellant on November 1, 2016. Appellant's trial counsel filed a premature notice of appeal on December 20, 2016, from the jury verdict, and before sentencing. Trial counsel also moved to withdraw on December 20, 2016. In response to the notice of appeal, on January 5, 2017, the trial court ordered a Rule 1925(b) statement (due within 21 days, on or before January 26, 2017) and served the order on trial counsel. After sentencing Appellant on January 10, 2017,

the court relieved trial counsel with the caveat that trial counsel was to confer with new counsel concerning Appellant's rights. Neither Appellant's trial counsel nor his new counsel, however, filed post-sentence motions or a Rule 1925(b) statement. The record also indicates both counsel failed to consult on the filing of post-sentence motions and the court-ordered Rule 1925(b) statement. Thus, we conclude trial counsel's actions constituted *per se* ineffectiveness. **See Burton, supra**.

Given the procedural anomalies of this case, including the premature notice of appeal, counsel's failure to file a court-ordered Rule 1925(b) statement, and the neglect by counsel of Appellant's rights following sentencing, we now decide the best resolution at this time is to put Appellant back in a position that will fully restore his direct appeal rights. The foundation for his direct appeal was laid by trial counsel who has now been deemed ineffective *per se*, so we remand the case and instruct current counsel to communicate with Appellant about the issues he wants to pursue on appeal and take steps to preserve those issues properly by correcting the deficiencies in the record. Current counsel's efforts on Appellant's behalf shall include prompt and full consultation with Appellant, within ten (10) days of the filing date of this judgment, about the filing of post-sentence motions *nunc pro tunc*. If Appellant chooses to file post-sentence motions *nunc pro tunc*, counsel shall immediately inform the trial court and obtain an order setting the time allowed for filing the post-sentence motions and a

date for speedy disposition. If Appellant chooses not to file post-sentence motions, counsel must immediately inform the court and obtain an order setting the time allowed for filing the Rule 1925(b) statement *nunc pro tunc* with the clerk of courts and for service of the statement consistent with the rule. The trial court shall then file an opinion addressing the issue(s) raised in the concise statement. After the trial court certifies its decision and returns the record to this Court, the Prothonotary of this Court shall establish a new briefing schedule and, after briefing, assign the appeal to the next available submit panel. Accordingly, we remand the case for further proceedings.

Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017