J-S01010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RONALD ANDREW KESSELRING, | : | |
| | : | |
| Appellant | : | No. 1102 MDA 2017 |

Appeal from the Judgment of Sentence June 13, 2017
in the Court of Common Pleas of Adams County,
Criminal Division at No(s):  CP-01-CR-000196-2011

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 16, 2018**

Ronald Andrew Kesselring ("Kesselring") appeals from the judgment of

sentence imposed following the revocation of his probation.  Additionally, Sean

A. Mott, Esquire ("Attorney Mott"), Kesselring's appellate counsel, has filed a

Petition to Withdraw as counsel and an accompanying brief pursuant to

***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Attorney Mott's

Petition to Withdraw, and affirm Kesselring's judgment of sentence.

The trial court set forth the relevant underlying facts as follows:

[Kesselring's] revocation sentence involves [his] conviction
following a jury trial of two counts of persons not to possess, use,
*etc*.[,] firearms in violation of section 6105 of the Pennsylvania
Crimes Code as a felony of the second degree.  The Honorable
Michael A. George, President Judge of Adams County, initially
sentenced [Kesselring] in this matter on October 11, 2011. On
count one, [Kesselring] received a sentence of no less than eleven
(11) months and twenty-nine (29) days nor more than twenty-
three (23) months and twenty-nine (29) days in partial
confinement at the Adams County Prison.   On count two,

[Kesselring] received a sentence of five (5) years of intermediate punishment with eighteen (18) months [of] restrictive intermediate punishment, with the sentences running concurrent with each other. It should be noted the standard range of the Pennsylvania Sentencing Guidelines for both of the above[-]referenced charges w[as] forty-eight (48) to sixty (60) months.

On May 12, 2015, the Adams County Department of Probation Services filed a Motion for Revocation of [Kesselring's] sentence of intermediate punishment on count two, based on a new criminal charge (simple assault)[,] which was filed against [Kesselring] on May 7, 2015. [Kesselring] acknowledged the revocation violation on October 2, 2015, following his criminal conviction for the underlying simple assault charge. [Kesselring] was sentenced by the Honorable Thomas R. Campbell, Judge of Adams County, to five (5) years of probation, effective May 6, 2015.

On August 22, 2016, the Adams County Department of Probation Services filed a second Motion for Revocation of [Kesselring's] sentence resulting from criminal charges filed against [Kesselring] in the case docketed at CP-01-CR-1051-2016. [Kesselring] was convicted on April 4, 2017[,] of all three charges. This conviction formed the basis for [Kesselring's] second revocation acknowledgement in the [instant] matter. On June 13, 2017, [Kesselring] was sentenced on this second revocation acknowledgement to a sentence of total confinement of no less than forty-eight (48) months nor more than ninety-six months (96) in a state correctional institution, with eighteen (18) months of custody credit.

On June 23, 2017, appellate counsel filed [Kesselring's] Motion for Extension to File Post-Sentence Motion and Unseal Pre-Sentence Investigation, which th[e trial c]ourt granted on June 26, 2017. [Kesselring] filed his [P]ost-[S]entence [M]otion for modification of sentence on July 13, 2017, which th[e trial c]ourt denied by Order of Court dated August 4, 2017. On July 13, 2017,

[Kesselring] filed his Notice of Appeal.[1]  By Order of Court dated July 19, 2017, this Court directed [Kesselring] to file a Concise Statement of Matters Complained of on Appeal. [Kesselring] timely filed his Concise Statement on August 3, 2017.

Trial Court Opinion, 8/29/17, at 1-3 (footnotes omitted, footnote added).

Attorney Mott initially filed an **Anders** brief, but failed to file a petition to withdraw with this Court.  Accordingly, we remanded with instructions to Attorney Mott to either file an advocate's brief or fulfill *all* of the requirements of **Anders**.  **See Commonwealth v. Kesselring**, 1102 MDA 2017 (Pa. Super. filed March 15, 2018) (judgment order).  On March 16, 2018, Attorney Mott filed a Petition to Withdraw with this Court.

Accordingly, we must determine whether Attorney Mott has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation.  **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").  Pursuant to **Anders**, when counsel believes

---

[1] We note that Kesselring filed a timely Notice of Appeal, despite the fact he had also filed a Post-Sentence Motion.  **See** Pa.R.Crim.P. 708(E) (providing that the filing of a motion to modify a sentence imposed following the revocation of probation will not toll the 30-day appeal period); **see generally Commonwealth v. Ratushny**, 17 A.3d 1269, 1271 n.4 (Pa. Super. 2011) (noting that where a trial court denies appellant's post-sentence motion while his appeal is pending, the notice of appeal will be treated as being filed after the entry of the order denying the post-sentence motion).

that an appeal is frivolous and wishes to withdraw from representation, he must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Mott has complied with the requirements set forth in *Anders* by indicating that he thoroughly reviewed the record and determined that an appeal would be frivolous. Further, the record contains a copy of the letter that Attorney Mott sent to Kesselring, informing him of Attorney Mott's intention to withdraw and advising him of his rights to proceed *pro se*, retain counsel, and file additional claims. Finally, Attorney Mott's *Anders* Brief

meets the standards set forth in **Santiago**. Because Attorney Mott has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Kesselring's appeal is, in fact, wholly frivolous.

In the **Anders** Brief, Attorney Mott raises the following question for our review: "Did the sentencing court manifestly abuse its discretion when it sentenced [Kesselring] to serve a sentence of no less than 48 months nor more than 96 months in a State Correctional Institution in the above-captioned revocation matter?" **Anders** Brief at 5. Kesselring neither filed a *pro se* brief, nor retained alternate counsel for this appeal.

Kesselring challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filled a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable

> argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Kesselring filed a timely Notice of Appeal, preserved his claim in his Post-Sentence Motion,[2] and included in his appellate brief a separate Rule 2119(f) Statement. Further, Kesselring's claim that his sentence was excessive, in light of the fact that he was not a danger to society and the underlying violations were without merit, raises a substantial question. *See Commonwealth v. Simmons*, 56 A.3d 1280, 1286 (Pa. Super. 2012) (stating that a claim arguing that the probation revocation sentence is excessive and that it constitutes too severe a punishment raises a substantial question); *see also Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (noting that a claim that the trial court failed to consider the rehabilitative needs of the defendant and protection of society raises a substantial question). Thus, we will review Kesselring's sentencing claims.

Our standard of review is well settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record

---

[2] While the trial court denied the Motion after the Notice of Appeal had been filed, we conclude that Kesselring properly preserved his sentencing claims in his Post-Sentence Motion.

discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014) (citation omitted).

The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014) (some citations and quotation marks omitted).

Upon revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence,

including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." *Id.* § 9771(c).

Moreover, "[i]n every case in which the court … resentences an offender following revocation of probation, … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* § 9721(b); *see also* Pa.R.Crim.P. 708(D)(2) (providing that "[t]he judge shall state on the record the reasons for the sentence imposed."). However, following revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. *See Pasture*, 107 A.3d at 28 (stating that "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing.").

Kesselring contends that the trial court abused its discretion in imposing a state sentence of 48-96 months on top of the sentence he received for the convictions underlying the basis for revocation. *Anders* Brief at 10. Kesselring argues that the trial court did not consider his rehabilitative needs,

- 8 -

his family and business ties to Adams County, the fact that he was a single parent to his 16-year-old daughter, and that his daughter would be adversely impacted by his prison term. *Id.* at 10-11.

The trial court addressed Kesselring's claims as follows:

[The trial c]ourt reviewed both the current pre-sentence investigation prepared for CP-01-CR-1051-2016 and the pre-sentence investigation from 2011. In fashioning [Kesselring's] sentence, [the trial c]ourt considered mitigating factors such as [Kesselring's] business and the fact that he is the primary caretaker for his daughter as factor[s] weighing in favor of a local sentence. [N.T., 6/13/17, at 11.] …

[The trial c]ourt also considered the fact that this is [Kesselring's] second revocation in this matter and both revocations were the result of [Kesselring] committing and being convicted of new criminal charges. [*Id.* at 3, 10-11.] [Kesselring's] actions demonstrate that he is "not amendable to local supervision." [*Id.* at 11.] [Kesselring] received leniency in the original sentence imposed at CP-01-CR-196-2011; however, instead of conforming his conduct, he went on to commit two new offenses while he remained under supervision for CP-01-CR-196-2011. As such, [the trial c]ourt was well within its discretion to sentence [Kesselring] to a state correctional facility.

Trial Court Opinion, 8/29/17, at 4-5 (footnotes omitted).

Additionally, Kesselring's claim that the evidence did not support the convictions at CP-01-CR-1051-2016, which triggered the revocation proceedings, is without merit. Indeed, a jury convicted Kesselring of various charges, and this Court affirmed his judgment of sentence, specifically concluding that the evidence was sufficient to support the convictions. *See Commonwealth v. Kesselring*, 1205 MDA 2017 (Pa. Super. filed March 21, 2018) (unpublished memorandum). Thus, based upon the foregoing, we

- 9 -

discern no abuse of the trial court's discretion in imposing the sentence following the revocation of Kesselring's probation. **See Commonwealth v. Malovich**, 903 A.2d 1247, 1253-54 (Pa. Super. 2006) (concluding that the trial court did not abuse its discretion in imposing a state prison term following the revocation of appellant's probation where the trial court considered appellant's character and underlying case and where the trial court indicated such a sentence was necessary to vindicate the court's authority based on appellant's failure to comply previous judicial efforts, such as drug court or rehabilitation).

Further, our independent review discloses no other non-frivolous issues that Kesselring could raise on appeal. Accordingly, we grant Attorney Mott's Petition to Withdraw and affirm Kesselring's judgment of sentence.

Petition to Withdraw granted; judgment of sentence affirmed.

Judge Murray joins the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/2018

- 10 -