J-S03044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER GAINER, | : | |
| | : | |
| Appellant | : | No. 2025 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 12, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006615-2009

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 28, 2019**

Christopher Gainer ("Gainer") appeals from the judgment of sentence imposed following the revocation of his probation. Additionally, Gainer's counsel, Patrick J. Connors, Esquire ("Attorney Connors"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). We grant Attorney Connors's Petition to Withdraw and affirm Gainer's judgment of sentence.

On February 22, 2010, Gainer entered a negotiated guilty plea to driving under the influence ("DUI") – controlled substances and possession of a controlled substance.[1] In exchange for his guilty plea, the remaining charges for DUI – general impairment, failure to stop at a red signal, and turning movements and required signals were *nolle prossed*. The trial court sentenced

---

[1] ***See*** 75 Pa.C.S.A. § 3802(d); 35 P.S. § 780-113(a)(16).

Gainer to an aggregate term of 3 to 23 months in prison, followed by 3 years of probation. Gainer did not file any post-sentence motions or a direct appeal.

On June 14, 2012, Gainer was charged with possession of a controlled substance and resisting arrest.[2] On April 8, 2013, the trial court conducted a ***Gagnon II***[3] hearing, and found Gainer to be in violation of his parole. The trial court sentenced Gainer to serve the balance of his 23-month sentence, followed by 3 years of probation. The sentence was to be served consecutively to Gainer's unrelated sentence at docket number 7274-2012.

On June 12, 2018, the trial court conducted a ***Gagnon II*** hearing, and found Gainer to be in violation of his probation based on a technical violation. The trial court revoked Gainer's probation and resentenced him to 12 to 36 months in prison.

On June 28, 2018, Gainer filed an untimely *pro se* Motion to modify his sentence, despite being represented by counsel.[4] On June 29, 2018, Gainer, via Attorney Connors, filed a Notice of Appeal. The trial court ordered Gainer to file a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. In response, Attorney Connors filed a Pa.R.A.P. 1925(c)(4) Statement of intent to file an ***Anders*** Brief in lieu of a Rule 1925(b) concise statement.

---

[2] The record does not indicate when Gainer was paroled.

[3] ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

[4] The trial court did not address Gainer's *pro se* Motion.

Gainer neither filed a *pro se* brief, nor retained alternate counsel for this appeal.

Before addressing Gainer's issue on appeal, we must determine whether Attorney Connors has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

- 3 -

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, our review of the ***Anders*** Brief and the Petition to Withdraw reveals that Attorney Connors has substantially complied with each of the requirements of ***Anders***/***Santiago***. ***See Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of ***Anders***). Attorney Connors indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. Further, Attorney Connors's ***Anders*** Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in ***Santiago***. Finally, Attorney Connors provided Gainer with a copy of the ***Anders*** Brief and advised him of his rights to retain new counsel or to raise any additional points deemed worthy of the Court's attention. Thus, Attorney Connors has substantially complied with the procedural requirements for withdrawing from representation. We next examine the record and make an independent determination of whether Gainer's appeal is, in fact, wholly frivolous.

Attorney Connors presents the following issue for our review: "Whether the 12 to 36-month term of imprisonment imposed herein is harsh and excessive under the circumstances?" ***Anders*** Brief at 1.

This issue challenges the discretionary aspects of Gainer's sentence. "A challenge to the discretionary aspects of sentencing is not automatically

- 4 -

reviewable as a matter of right." **Commonwealth v. Grays**, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Grays**, 167 A.3d at 815-16 (citation omitted).

Gainer, via Attorney Connors, filed a timely Notice of Appeal, included a 2119(f) Statement within the **Anders** brief, and has advanced a plausible argument that the trial court violated the fundamental norms underlying the sentencing process. **See Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010) (stating that "[t]he imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the "fundamental norms which underlie the sentencing process."). However, although Gainer filed a *pro se* Motion to reconsider his sentence, the Motion had no legal effect because he was represented by counsel. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (stating that "this Court will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities."). Accordingly, we could find

Gainer's discretionary claim to be waived. Nevertheless, we will address Gainer's discretionary sentencing claim as a part of our independent review.

Gainer argues that his sentence was harsh and excessive because the court did not consider his substance abuse problem and his four and half years of sobriety prior to the instant probation violation. *Anders* Brief at 6.

Our standard of review is well settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014).

> The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.
>
> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to

> when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014) (some citations and quotation marks omitted).

Upon revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." ***Id.*** § 9771(c).

Moreover, "[i]n every case in which the court … resentences an offender following revocation of probation, … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** § 9721(b); ***see also*** Pa.R.Crim.P. 708(D)(2) (providing that "[t]he judge shall state on the record the reasons for the sentence imposed."). However, following revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. ***See***

*Pasture*, 107 A.3d at 28 (stating that "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing.").

Here, the trial court considered Gainer's criminal record, including four DUI convictions; Gainer's lack of success under supervision, including two violations of his probation or parole; Gainer's failure to complete alcohol safe driving classes, community service, court reporting network evaluation, and outpatient counseling; Gainer's alcohol addiction and rehabilitative needs; and the protection of the community. *See* N.T., 6/12/18, at 6, 18. The trial court was particularly concerned that Gainer was likely to commit another crime. *See id.* at 6 (wherein the trial court advises Gainer, "your failure to do alcohol safe driving classes, community service, the [court reporting network evaluation] and outpatient counseling since 2010 [] just tells me you're not going to do it. You're probably never going to do it until you kill yourself or kill someone else."). Our review of the record confirms that the trial court had sufficient information to make a fully informed sentencing decision following the revocation of Gainer's probation. Accordingly, we conclude that the trial court's sentence was not improperly excessive, and Gainer's discretionary sentencing challenge is wholly frivolous.

Finally, our independent review of the record discloses no additional non-frivolous issues that could be raised on appeal. We therefore grant Attorney Connors's Petition, and affirm Gainer's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/19