J-S54037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                                :
        v.                    :
                                :
                                :
CORTEZ ROMEO ANDERSON      :
                                :
         Appellant       :     No. 882 MDA 2020

Appeal from the Judgment of Sentence Entered January 31, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001298-2018

BEFORE: NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED FEBRUARY 10, 2021**

Cortez Romeo Anderson ("Anderson") appeals from the judgment of sentence imposed following his guilty plea to criminal conspiracy.[1] Additionally, Anderson's counsel, Mary V. Deady, Esquire ("Attorney Deady"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). We grant Attorney Deady's Petition to Withdraw, and affirm Anderson's judgment of sentence.

On March 23, 2018, Anderson was charged with burglary, criminal conspiracy, criminal trespassing, theft by unlawful taking, and receiving stolen property, relating to the burglary of a home located in Wilkes-Barre,

---

[1] 18 Pa.C.S.A. § 903.

Pennsylvania. The trial court scheduled Anderson's trial for September 17, 2018. On September 17, 2018, the trial court granted a request for a continuance that was filed by the Commonwealth, and continued Anderson's trial to September 24, 2018. On September 24, 2018, Anderson entered an open guilty plea to criminal conspiracy – burglary. The trial court deferred sentencing, and ordered the preparation of a pre-sentence investigation report.

On January 11, 2019, Anderson appeared before the trial court for sentencing, and informed the court that he wished to withdraw his guilty plea. The trial court continued sentencing to allow Anderson to file a written motion. On January 18, 2019, Anderson filed a Motion to Withdraw Guilty Plea. On January 31, 2019, following a hearing, the trial court denied Anderson's Motion to Withdraw Guilty Plea, and sentenced Anderson to 33 to 72 months in prison, followed by 2 years of probation.

On May 22, 2020, after having his direct appeal rights reinstated, *nunc pro tunc*, Anderson filed a Notice of Appeal. Anderson subsequently filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. Attorney Deady then filed, with this Court, an **Anders** brief and a Petition to withdraw as counsel. Anderson neither filed a *pro se* brief, nor retained alternate counsel for this appeal.

Before addressing Anderson's issue on appeal, we must determine whether Attorney Deady has complied with the dictates of **Anders** and its

progeny in petitioning to withdraw from representation. ***See***

***Commonwealth v. Mitchell***, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009)

(stating that "[w]hen presented with an ***Anders*** brief, this Court may not

review the merits of the underlying issues without first passing on the

request to withdraw."). Pursuant to ***Anders***, when counsel believes that an

appeal is frivolous and wishes to withdraw from representation, he or she

must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012)

(citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a

proper ***Anders*** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, our review of the *Anders* Brief and the Petition to Withdraw reveals that Attorney Deady has substantially complied with each of the requirements of *Anders*/*Santiago*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of *Anders*). Attorney Deady indicates that she has made a conscientious examination of the record and determined that an appeal would be frivolous. Further, Attorney Deady's *Anders* Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in *Santiago*. Finally, Attorney Deady provided Anderson with a copy of the *Anders* Brief, and advised him of his rights to proceed *pro se*, retain new counsel, or raise any additional points deemed worthy of the Court's attention. Thus, Attorney Deady has complied with the procedural requirements for withdrawing from representation. *See Burwell*, *supra*. We next examine the record and make an independent determination of whether Anderson's appeal is, in fact, wholly frivolous.

Attorney Deady presents the following issue, on behalf of Anderson, for our review: "Whether the [trial c]ourt abused its discretion in denying [Anderson's] Motion to [w]ithdraw his [g]uilty [p]lea in that it was not knowingly, intelligently and voluntarily entered?" *Anders* Brief at 3.

Anderson claims that the trial court abused its discretion in denying his Motion to Withdraw Guilty Plea. *See Anders* Brief at 10-16. Anderson asserts that at the time that he entered his guilty plea, "the Public Defender

just basically was telling [him] a bunch of nonsense, to sign the plea; and [he] didn't really know what [the Public Defender] was asking from [him]. … [The Public Defender] told [him] that if [he] signed the plea[,] that at [his] next court date, [he] would be going home." N.T., 1/31/19, at 4. Anderson argues that this was a fair and just ground for withdrawal of his plea. **Anders** Brief at 10-14.

"Our law is clear that to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered." **Commonwealth v. Bedell**, 954 A.2d 1209, 1212 (Pa. Super. 2008). This Court has established six topics that must be covered by a valid plea colloquy: "1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." **Commonwealth v. Morrison**, 878 A.2d 102, 107 (Pa. Super. 2005); **see also** Pa.R.Crim.P. 590, cmt.

"At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A); **see also Commonwealth v. Gordy**, 73 A.3d 620, 624 (Pa. Super. 2013) (stating that "the decision to grant or deny a motion to withdraw a guilty plea rests within the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion.") (citation omitted). Additionally, while

there is no absolute right to withdraw a guilty plea, "[a] pre-sentence motion to withdraw a guilty plea should be liberally allowed and should be granted for any fair and just reason unless granting the motion would cause substantial prejudice to the Commonwealth." *Gordy*, 73 A.3d at 623-24; *see also Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015).

> More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Carrasquillo*, 115 A.3d at 1292.

Here, the trial court stated that Anderson's reason for wishing to withdraw his guilty plea, that he thought he would be "going home," "defies logic and is simply not credible … given his prior record score [was] five (5) … and the applicable sentencing guidelines called for a minimum of 27 to 33 months [in prison,] in the standard range." Trial Court Opinion, 5/24/19, at 5. The trial court further noted that Anderson's "request to withdraw the guilty plea was simply an attempt to avoid and/or delay the imposition of a prison sentence which [Anderson] was clearly and knowingly facing." *Id.* We agree with the sound reasoning of the trial court, and affirm on this basis, with the following addendum.

The trial court's determination is supported in the record. Notably, Anderson asked to withdraw his plea on the date set for his sentencing, and he did not claim that he wished to withdraw his guilty plea because he was innocent. N.T., 1/11/19, at 2-3; *see generally Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 24-25 (Pa. Super. 2017) (concluding that the trial court did not abuse its discretion in denying the defendant's pre-sentence motion to withdraw guilty plea where the defendant filed the motion on the day of sentencing and the trial court found defendant's claim of innocence to be incredible). Accordingly, we conclude that the trial court did not abuse its discretion in denying Anderson's Motion to Withdraw Guilty Plea. *See* Trial Court Opinion, 5/24/19, at 5; *Johnson-Daniels*; *supra*.

Further, our independent review of all the proceedings discloses no other non-frivolous issues that Anderson could raise on appeal. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) (stating that after reviewing the issues raised in counsel's *Anders* brief, this Court shall "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated."). Thus, we grant Attorney Deady's Petition to Withdraw, and affirm Anderson's judgment of sentence.

Petition to Withdraw granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/10/2021