J-A27030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :

             v.                             :
                                          :

KEVIN CAMPBELL                    :
                                          :

           Appellant          :     No. 1123 EDA 2021

Appeal from the Judgment of Sentence Entered March 24, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003539-2019

BEFORE:   PANELLA, P.J., LAZARUS, J., and  DUBOW, J.

MEMORANDUM BY LAZARUS, J.:         **FILED FEBRUARY 2, 2022**

Kevin Campbell appeals from the judgment of sentence,[1] entered in the Court of Common Pleas of Northampton County, following his guilty plea to robbery,[2] aggravated assault,[3] possession of firearm prohibited,[4] and conspiracy.[5]  Additionally, Campbell's counsel, Matthew J. Deschler, Esquire,

---

[1] Campbell purports to appeal from the order denying his omnibus pre-trial motion.  **See** Notice of Appeal, 5/19/21, at 2.  In criminal cases, an appeal properly lies from the judgment of sentence.  **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc).  We have amended the caption accordingly.

[2] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[3] 18 Pa.C.S.A. § 2702(a)(1).

[4] 18 Pa.C.S.A. § 6105(a)(1).

[5] 18 Pa.C.S.A. § 903.

has filed an application to withdraw as counsel and an accompanying **Anders**[6]

brief. Upon review, we grant Attorney Deschler's application to withdraw and

affirm Campbell's judgment of sentence.

The following factual history was relied upon, at the guilty plea hearing,

as the basis of Campbell's negotiated guilty plea:

> [Campbell] and his co-defendant . . . agreed to rob the victim Richard Fisher, on August 6th of 2019. [Campbell] and [his] co-defendant [] drove from Greenville, North Carolina, to Pennsylvania.
>
> On August 7th, 2019, [Campbell and his] co-defendant entered [Fisher]'s residence . . . under the guise of wanting to purchase marijuana[.] Once inside the residence, [Campbell] displayed a gun and demanded that [Fisher] give him money. During the course of the robbery, [Campbell] shot [Fisher] in his leg[ and] his co-defendant . . . attempted to physically restrain [Fisher]'s girlfriend, Lois Connelly, to prevent her from leaving the residence.
>
> [Campbell] and [his] co-defendant [] took a safe containing approximately $1,600[.00] in U[.]S[.] currency and also took [the] marijuana. After the robbery, [Campbell and his co-defendant] fled to New York. [Campbell] is a person prohibited from possessing a firearm based on his prior burglary conviction.

N.T. Guilty Plea Hearing, 2/19/21, at 11-12.

Campbell was subsequently apprehended and, on, December 30, 2019,

the Commonwealth, via criminal information, charged Campbell with, *inter*

---

[6] **Anders v. California**, 368 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

*alia*,[7] the above-mentioned offenses. On July 6, 2020, Campbell filed a counseled omnibus pre-trial motion which included a motion to suppress evidence alleging that the police had conducted an unconstitutional search of his cell phone. On October 22, 2020, the trial court conducted a hearing on Campbell's omnibus pre-trial motion and, on December 15, 2020, denied the motion.

On February 19, 2021,[8] Campbell entered into a negotiated guilty plea in which he agreed to plead guilty to the above-mentioned offenses, as well as to a sentence of 6½ to 13 years in prison. On March 24, 2021, the trial court sentenced Campbell in accordance with the plea agreement.

On March 25, 2021, while still represented by counsel, Campbell filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA). **See** 42 Pa.C.S.A. §§ 9541-9546. On March 30, 2021, the trial court dismissed Campbell's PCRA petition as premature, without prejudice, because Campbell had not waived or exhausted his direct appeal rights.

Additionally on March 30, 2021, Campbell, while still represented by counsel, filed a *pro se* post-sentence motion seeking a reduction in his

---

[7] Campbell was charged with eight additional offenses related to the robbery and assault of Fisher.

[8] We observe that, throughout this case, Campbell filed multiple, additional *pro se* pre-trial motions. The trial court did not rule on these motions prior to Campbell's negotiated guilty plea. These motions were forwarded to Campbell's trial counsel pursuant to **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011).

sentence. On April 16, 2021, Campbell's trial counsel filed a motion to withdraw from representation, in which he stated that Campbell had not requested he file a post-sentence motion, and Campbell wished to raise ineffective assistance of counsel claims against trial counsel. The trial court, on May 3, 2021, issued an order denying Campbell's *pro se* post-sentence motion.

On May 5, 2021, the trial court conducted a hearing on trial counsel's motion to withdraw.[9] Additionally, Campbell, still represented by the same counsel, filed a second *pro se* PCRA petition. Further, on the same day, the trial court granted trial counsel's motion to withdraw and appointed conflict counsel to represent Campbell.[10] Subsequently, on May 10, 2021, the trial court again denied Campbell's PCRA petition as premature, without prejudice, and determined that Campbell had not yet waived or exhausted his direct

_____

[9] At this hearing, trial counsel and the trial court concluded that Campbell's time to file a timely notice of appeal had expired. *See* N.T. Motion to Withdraw Hearing, 5/5/21, at 2-4. The trial court asked Campbell if he would like his direct appeal rights reinstated, to which Campbell replied, "I would like to do that." *Id.* at 5.

[10] There are two separate orders appointing two separate attorneys to represent Campbell. In the first order, on May 5, 2021, the trial court appointed Brian Monahan, Esquire. *See* Order, 5/5/21. At some point shortly thereafter, Attorney Monahan filed a motion to withdraw, which the trial court granted on May 10, 2021. *See* Order, 5/10/21. Then, on the same day, the trial court appointed Talia Mazza, Esquire, to represent Campbell. *Id.* Shortly thereafter, Attorney Mazza went on maternity leave, and Attorney Deschler entered his appearance on behalf of Campbell.

appeal rights. On May 11, 2021, the trial court issued an order, in which it reinstated Campbell's direct appeal rights *nunc pro tunc*.

On May 24, 2021, Campbell filed a counseled notice of appeal, *nunc pro tunc*. Attorney Deschler then filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an **Anders** brief on appeal.

Before addressing Campbell's issues on appeal, we must determine whether we have jurisdiction over Campbell's appeal.[11] "In order to perfect a timely appeal, a defendant must file a notice of appeal within 30 days of the imposition of his sentence, unless he files a timely post-sentence motion within 10 days of sentencing, thereby tolling that 30-day window." **Leatherby**, 116 A.3d at 78 (citing Pa.R.A.P. 903 and Pa.R.Crim.P. 720(A)).

Instantly, Campbell, while represented by counsel, was sentenced on March 24, 2021. Then, on March 25, 2021, Campbell filed a premature PCRA petition, which the trial court properly dismissed. Next, while still represented by counsel, on March 30, 2021, within the 10-day period to file a post-sentence motion, Campbell filed a *pro se* post-sentence motion.

---

[11] As discussed *infra*, we conclude that Campbell's direct appeal rights had not expired at the time he filed his notice of appeal on May 24, 2021. **See Commonwealth v. Leatherby**, 116 A.3d 73, 78-79 (Pa. Super. 2015). Therefore, we note that the trial court lacked the authority to reinstate Campbell's direct appeal rights *nunc pro tunc*. Nevertheless, this does not impede our review, because Campbell's notice of appeal was still timely filed, before June 2, 2021, and is properly before this Court.

Generally, *pro se* filings from a represented defendant are legal nullities and will not toll the appeal period. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010). Additionally, we observe hybrid representation is not permitted in this Commonwealth. **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016).

Nevertheless, this Court has previously determined that an appellant shall not "be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court." **Leatherby**, 116 A.3d at 79; **see also id.** (defendant's *pro se* filing while represented by counsel "does not offend considerations of hybrid representation").

Instantly, the record before us reveals a plethora of *pro se* motions and petitions filed prior to, and after, Campbell's negotiated plea. Importantly, trial counsel took *no action* even after Campbell's *pro se* filings. Rather, trial counsel filed a motion to withdraw from representation and, on May 5, 2021, the trial court granted trial counsel's motion to withdraw. Additionally, we observe that at the hearing on trial counsel's motion to withdraw, trial counsel stated he was aware that Campbell had filed a *pro se* post-sentence motion, but admitted he did not file a post-sentence motion. **See** N.T. Motion to Withdraw Hearing, 5/5/21, at 2, 5-7.

Based upon our review of the record, we find that trial counsel effectively abandoned Campbell and, therefore, Campbell's timely *pro se* post-sentence motion tolled the 30-day appeal period. **See Leatherby**, 116 A.3d

- 6 -

at 78-79. Further, the trial court did not deny Campbell's *pro se* post-sentence motion until May 3, 2021, and, thus, Campbell was required to file his notice of appeal by June 2, 2021. Accordingly, Campbell's May 24, 2021, notice of appeal was timely filed and we have jurisdiction over this appeal.

Next, we must determine whether Attorney Deschler has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that

- 7 -

counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, our review of counsel's *Anders* brief and application to withdraw reveals that Attorney Deschler has substantially complied with each of the technical requirements of *Anders*/*Santiago*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating counsel must substantially comply with requirements of *Anders*). Attorney Deschler indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. The record further reflects that counsel has furnished a copy of the *Anders* brief to Campbell, advised Campbell of his right to retain new counsel or proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Additionally,

the **Anders** brief substantially complies with the requirements of **Santiago**.[12]

As Attorney Deschler has substantially complied with all of the requirements

for withdrawing from representation, we will examine the record and make an

independent determination of whether Campbell's appeal is, in fact, wholly

frivolous.

In the **Anders** brief, counsel presents for our review the following claims

on Campbell's behalf:

> Campbell raises claims of ineffectiveness against [trial counsel], specifically that [trial counsel] failed to utilize exculpatory evidence, failed to show that a North Carolina police officer perjured himself while testifying about the alleged illegal search of Campbell's cell phone, and failed to argue that Campbell was deficiently **Mirandized**.[13]

**Anders** Brief, at 6 (emphasis and footnote added).

---

[12] We observe that Attorney Deschler has not attached a copy of the Rule 1925(c)(4) intent to file an **Anders** brief, nor a copy of the Rule 1925(a) trial court opinion. **See** Pa.R.A.P. 2111(b)-(d) (requiring copy of Rule 1925(c)(4) statement and "any opinions" from trial court be appended to appellant brief). However, Attorney Deschler filed the Rule 1925(c)(4) statement in accordance with the trial court's order, and this Court has received a copy of the trial court's Rule 1925(a) opinion. Additionally, Attorney Deschler's omissions are not a jurisdictional defect, and the Commonwealth has not objected to this defect; thus, we decline to dismiss Campbell's appeal on this basis. **See** Pa.R.A.P. 2101 (stating that "if the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter **may** be quashed or dismissed") (emphasis added). Moreover, Attorney Deschler has filed an **Anders** brief and, as such, this Court has an independent obligation to review the entire record to ascertain whether any non-frivolous issues are present.

[13] **See Miranda v. Arizona**, 384 U.S. 436 (1966).

Initially, it is a general rule that defendants should defer ineffective assistance of counsel claims until collateral review. *See Commonwealth v. Holmes*, 79 A.3d 562, 563-64 (Pa. 2013). However, ineffective assistance of counsel claims may be reviewed on direct appeal if (1) the ineffective assistance of counsel claim is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; or (2) there is good cause shown, and the defendant waives his right to file a future PCRA petition. *See id.*[14]

"An example of 'good cause' would be where the defendant is serving a sentence so short as to be deprived of an opportunity to seek collateral review of his or her conviction." *Commonwealth v. Radecki*, 180 A.3d 441, 472 (Pa. Super. 2018); *see also* 42 Pa.C.S.A. § 9543(a)(1)(i). Additionally, in raising ineffective assistance on direct appeal, the defendant must have an accompanying PCRA waiver that "makes clear and certain that any further collateral attack is subject to the PCRA's time-bar restrictions as detailed in Section 9545(b)." *See Radecki*, 180 A.3d at 472; *see also Holmes*, at 579 ("[T]he accompanying PCRA waiver must embrace more than exhaustion of the defendant's first PCRA petition, but instead must make clear that any

---

[14] Our Supreme Court recently expanded a PCRA petitioner's methods to raise claims of PCRA counsel ineffectiveness. *See Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) (PCRA petitioner may raise claims of PCRA counsel's ineffectiveness at first opportunity, even on appeal). However, Campbell has not yet had the opportunity to file a timely PCRA petition and, thus, that holding has no impact on the instant case.

further collateral attack is subject to the time-bar restrictions of Section 9545(b).") (emphasis omitted).

Instantly, Campbell did not file an accompanying PCRA waiver as required in **Holmes** and **Radecki**. Additionally, Campbell is serving a state sentence of 6½ to 13 years in prison and, thus, he has ample time to pursue his claims of ineffective assistance of counsel under the PCRA. **See Radecki**, 180 A.3d at 472; 42 Pa.C.S.A. § 9543(a)(1)(i). Moreover, we observe that Campbell's claims appear to challenge trial counsel's effectiveness at the omnibus pre-trial motion hearing; however, Campbell subsequently entered into a negotiated plea agreement, which necessarily waives any challenges he had to the denial of his omnibus pre-trial motion. **See Commonwealth v. Andrews**, 158 A.3d 1260, 1265 (Pa. Super. 2017) ("A plea of guilty constitutes a waiver of all non[-]jurisdictional defects and defenses" and "waives the right to challenge anything but the legality of [the] sentence and the validity of [the] plea." (quotation and citation omitted)). We conclude that Campbell's claims of ineffective assistance of counsel are not reviewable on direct appeal. **See Holmes**, **supra**.

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Dempster**, 187 A.3d at 272. As such, we agree Campbell's appeal is wholly frivolous. We grant Attorney Deschler's application to withdraw, and affirm the judgment of sentence.

Judgment of sentence affirmed.  Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/02/2022</u>