J-S26010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THEORIN DANIEL NELSON | : | |
| | : | |
| Appellant | : | No. 170 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 19, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003734-2023

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED: AUGUST 12, 2025**

Theorin Daniel Nelson appeals from the judgment of sentence, entered in the Court of Common Pleas of Berks County, following his convictions of three counts of strangulation,[1] and one count each of theft by unlawful taking,[2] terroristic threats,[3] simple assault—bodily injury,[4] simple assault—physical

---

[1] 18 Pa.C.S.A. § 2718(a)(1).

[2] *Id.* at § 3921(a).

[3] *Id.* at § 2706(a)(1).

[4] *Id.* at § 2701(a)(1).

menace,[5] recklessly endangering another person (REAP),[6] criminal mischief,[7] and harassment.[8]  Additionally, Nelson's counsel, William Bispels, Esquire, has filed an application to withdraw as counsel, and an accompanying **Anders**[9] brief.  Upon review, we deny Attorney Bispels' application to withdraw and direct him to file a compliant **Anders** brief or an advocate's brief.

In light of our disposition, we need not set forth a lengthy factual history and, instead, note that a more thorough review is set forth in the trial court's opinion.  **See** Trial Court Opinion, 3/24/25, at 1-20.  Briefly, Nelson was in an on-again-off-again relationship with his paramour, Alexandra Clark.  On the evening of October 1, 2024, Nelson and Clark got into an argument, which began on the phone, continued to Nelson's home, and ended after a tumultuous car ride during which Nelson assaulted Clark and, notably, choked her three separate times.  **See id.**

Following a non-jury trial on December 16, 2024, the trial court convicted Nelson of the above-mentioned offenses.  On December 19, 2024,

---

[5] **Id.** at § 2701(a)(3).

[6] **Id.** at § 2705.

[7] **Id.** at § 3304(a)(5).

[8] **Id.** at § 2709(a)(1).

[9] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

the trial court sentenced Nelson to 10½ to 24 years' incarceration. Nelson filed a timely post-sentence motion, which the trial court denied.

Nelson filed a timely notice of appeal, and both Nelson and the trial court have complied with Pa.R.A.P. 1925. On May 12, 2025, Attorney Bispels filed an **Anders** brief in this Court, and an accompanying application to withdraw. Nelson has not retained alternate counsel or filed a *pro se* response raising any additional issues.

Before addressing Nelson's issues on appeal, we must determine whether Attorney Bispels has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) ("[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

- 3 -

Additionally, the Pennsylvania Supreme Court has explained that a proper ***Anders*** brief must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, Attorney Bispels filed an ***Anders*** brief and a separate application to withdraw from representation. In his ***Anders*** brief, Attorney Bispels stated he made a "thorough" review of the record and concluded Nelson's appeal is frivolous. ***See Anders*** Brief, at 16. Attorney Bispels sent Nelson a letter informing him of Attorney Bispels' intention to withdraw, and advising him of his rights to proceed *pro se* or retain alternate counsel. The record reflects that Attorney Bispels furnished Nelson with copies of the petition to withdraw and the ***Anders*** brief.

Nevertheless, we conclude that the substance of Attorney Bispels' **Anders** brief is woefully deficient. The **Anders** brief summarizes the factual and procedural history of this appeal and purportedly identifies **thirteen** sufficiency challenges. **See Anders** Brief, at 9-11, 14-15. Despite this, Attorney Bispels' "analysis" consists of a single section spanning one-and-one-half pages. **See id.** at 14-15. The brief includes only a portion of a boilerplate standard of review, does not cite the Crimes Codes sections of Nelson's thirteen convictions, and does not discuss what, if any, of the elements of those crimes were met. **See id.** Rather, Attorney Bispels' entire brief amounts to a conclusion that Nelson's claims are frivolous because the trial court found Clark credible. **See id.**

We cannot accept such a deficient **Anders** brief. **See** Pa.R.A.P. 2119(a) (argument shall include "such discussion and citation of authorities as are deemed pertinent"); **see also Commonwealth v. Armolt**, 294 A.3d 364, 379 (Pa. 2023) ("[M]ere issue spotting without sufficient analysis or legal support precludes appellate review."). Furthermore, "[c]ounsel **may not** file a brief that argues against his client's interest. A brief that essentially argues for affirmance is unacceptable." **Commonwealth v. Vilsaint**, 893 A.2d 753, 758 (Pa. Super. 2006) (citations omitted, emphasis added); **see also Commonwealth v. Smith**, 324 A.3d 1241, n.2 (Pa. Super. 2024) (Table) (in unrelated case, our Court denied Attorney Bispels' application to withdraw and rejected Attorney Bispels' **Anders** brief for "effectively supporting the trial

court's denial of the claim, as opposed to concluding that any challenge to the court's decision would be frivolous"); ***Commonwealth v. Boozer***, 2019 WL 5655295, at *4 (Pa. Super. 2019) (unpublished memorandum decision) ("Although an appellant's counsel is not required to advocate strongly in favor of issues he believes are frivolous, a brief that essentially argues for affirmance is unacceptable.") (cleaned up).[10]

Therefore, Attorney Bispels' brief, which sets forth conclusory statements against Nelson's interest and otherwise provides no citations or legal analysis to support his conclusions, does not fulfill the substantive requirements of ***Anders*** and ***Santiago***. Accordingly, we direct Attorney Bispels to file either a proper ***Anders*** brief or an advocate's brief within 30 days from the date of the filing of this memorandum. The Commonwealth shall have 30 days thereafter to file a responsive brief.

Petition to withdraw denied. Panel Jurisdiction retained.

---

[10] ***Boozer*** and ***Smith*** were filed after May 1, 2019, and, thus, may be cited for persuasive value. ***See*** Pa.R.A.P. 126(b).