J-S26011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN RYAN LENHARDT | : | |
| | : | |
| Appellant | : | No. 71 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 17, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002410-2018

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.:          **FILED: AUGUST 12, 2025**

Nathan Ryan Lenhardt appeals from the judgment of sentence, entered in the Court of Common Pleas of Berks County, following his convictions of one count each of possession of a firearm with altered manufacturer's number[1] and carrying firearm without a license.[2] Additionally, Lenhardt's counsel, William Bispels, Esquire, has filed an application to withdraw as counsel, and an accompanying **Anders**[3] brief. Upon review, we deny Attorney Bispels' application to withdraw and direct him to file a compliant **Anders** brief or an advocate's brief.

---

[1] 18 Pa.C.S.A. § 6110.2(a).

[2] **Id.** at § 6106(a)(1).

[3] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

In light of our disposition, we need not set forth a lengthy factual history. Briefly, at 10:22 a.m. on May 1, 2018, Officer Kyle Morgan of the Boyertown Police Department was dispatched to 533 East 2nd Street, Boyertown, Berks County, for a motorcycle parking complaint. Officer Morgan knew there had been prior parking complaints and drug concerns in this area. Upon arrival, Officer Morgan located the motorcycle, discovered that the motorcycle's vehicle identification number (VIN) did not match any vehicle and, specifically, did not match the motorcycle. Officer Morgan believed that the motorcycle had been stolen and watched the parking area for one hour. During this time, Lenhardt exited a nearby building and approached the motorcycle. Officer Morgan engaged him in conversation and learned that Lenhardt claimed to have purchased the motorcycle but could not produce registration or insurance information. Officer Morgan performed a pat down of Lenhardt and discovered a firearm, which was later discovered to be a loaded Taurus .357 handgun. The weapon was removed from Lenhardt's person and discovered to have a filed-off serial number. Lenhardt did not have a license for the firearm. Ultimately, Lenhardt was informed of his **Miranda**[4] rights and gave a statement that he purchased the firearm in Stowe.

---

[4] **Miranda v. Arizona**, 384 U.S. 436 (1966).

Lenhardt was arrested and charged with the above-mentioned firearm offenses. On September 10, 2018, Lenhardt filed an omnibus pre-trial motion[5] that, relevantly, included a motion to suppress evidence alleging that Officer Morgan lacked reasonable suspicion to conduct a pat down and, thus, the firearm should have been suppressed as fruit of the poisonous tree. On April 4, 2024,[6] the trial court conducted a suppression hearing and, on May 22, 2024, denied Lenhardt's motion to suppress.

On August 23, 2024, Lenhardt proceeded to a non-jury trial and was convicted of the above-mentioned offenses. On December 17, 2024, the trial court sentenced Lenhardt to 30 months' to six years' incarceration and a concurrent 7-year period of probation. Lenhardt's sentence was deferred pending his appeal. Lenhardt did not file any post-sentence motions.

Lenhardt filed a timely notice of appeal and both Lenhardt and the trial court have complied with Pa.R.A.P. 1925. On May 13, 2025, Attorney Bispels filed an **Anders** brief in this Court, and an accompanying application to withdraw. Lenhardt has not retained alternate counsel or filed a *pro se* response raising any additional issues.

---

[5] The omnibus pre-trial motion also included a habeas corpus petition, which the trial court granted on May 22, 2024, and dismissed a charge of person not to possess.

[6] It is unclear to this Court why it took 6 years to schedule a pre-trial hearing on Lenhardt's omnibus pre-trial motion.

Before addressing Lenhardt's issues on appeal, we must determine whether Attorney Bispels has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) ("[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of **Anders** and **Santiago**, this Court must then "conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, Attorney Bispels filed an **Anders** brief and a separate application to withdraw from representation. Additionally, in his **Anders** brief, Attorney Bispels stated he made a "thorough" review of the record and concluded Lenhardt's appeal is frivolous. **See Anders** Brief, at 17. Attorney Bispels sent Lenhardt a letter informing him of Attorney Bispels' intention to withdraw, and advising him of his right to proceed *pro se* or retain alternate counsel. The record reflects that Attorney Bispels furnished Lenhardt with copies of the petition to withdraw and the **Anders** brief.

However, we conclude that the substance of Attorney Bispels' **Anders** brief is woefully deficient. The **Anders** brief summarizes the factual and procedural history of this appeal and purportedly identifies a single suppression issue, which was argued at length before the trial court. **See Anders** Brief, at 9-12, 14-16. Despite this, Attorney Bispels' "analysis" is a single section spanning two pages. **See Anders** Brief, at 14-16. The brief includes only a portion of a boilerplate standard of review, does not cite to our standard of review, case law regarding the three types of police encounter, or

explain anything that arguably supports his client's claim that the trial court erred in denying suppression. *See id.* Rather, Attorney Bispels' entire brief amounts to a conclusion that Lenhardt's claim is frivolous because the trial court found Officer Morgan credible. *See id.*

We cannot accept such a deficient *Anders* brief. *See* Pa.R.A.P. 2119(a) (argument shall include "such discussion and citation of authorities as are deemed pertinent"); *see also Commonwealth v. Armolt*, 294 A.3d 364, 379 (Pa. 2023) ("[M]ere issue spotting without sufficient analysis or legal support precludes appellate review."). Furthermore, "[c]ounsel **may not** file a brief that argues against his client's interest. A brief that essentially argues for affirmance is unacceptable." *Commonwealth v. Vilsaint*, 893 A.2d 753, 758 (Pa. Super. 2006) (citations omitted, emphasis added); *see also Commonwealth v. Smith*, 324 A.3d 1241, n.2 (Pa. Super. 2024) (Table) (in unrelated case, our Court denied Attorney Bispels' application to withdraw and rejected Attorney Bispels' *Anders* brief for "effectively supporting the trial court's denial of the claim, as opposed to concluding that any challenge to the court's decision would be frivolous"); *Commonwealth v. Boozer*, 2019 WL 5655295, at *4 (Pa. Super. 2019) (unpublished memorandum decision) ("Although an appellant's counsel is not required to advocate strongly in favor

of issues he believes are frivolous, a brief that essentially argues for affirmance is unacceptable.") (cleaned up).[7]

Therefore, Attorney Bispels' brief, which sets forth conclusory statements against Lenhardt's interest and otherwise provides no citations or analysis, does not fulfill the substantive requirements of **Anders** and **Santiago**. Accordingly, we direct Attorney Bispels to file either a proper **Anders** brief or an advocate's brief within 30 days from the date of this memorandum. The Commonwealth shall have 30 days thereafter to file a responsive brief.

Petition to withdraw denied. Panel Jurisdiction retained.

---

[7] **Boozer** and **Smith** were filed after May 1, 2019, and, thus, may be cited for persuasive value. **See** Pa.R.A.P. 126(b).